**Martin J. FLAHERTY, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6574.**

United States Court of Appeals First Circuit.

Heard Oct. 6, 1965.

Decided Jan. 31, 1966.

Francis J. DiMento, Boston, Mass., with whom Ronald R. Popeo and DiMento & Sullivan, Boston, Mass., were on brief, for appellant.

Edward F. Harrington, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE, Circuit Judge, and SWEENEY, District Judge.

ALDRICH, Chief Judge.

This is an appeal from convictions and a single sentence on a two-count information charging various wagering tax offenses. The second count is duplicitous, and should have been dismissed. Driscoll v. United States, 1 Cir., 1966, 356 F.2d 324. The first count charged a willful failure to pay the $50 special occupational tax. Defendant objects, inter alia, to the use at trial of certain statements made to the arresting officers. The circumstances were these.

Federal agents arrested defendant on a warrant at his place of employment. Before removing him from the premises, after warning him of his right to remain silent but not of his right to counsel, an agent asked him a series of questions from a prepared form. Defendant answered all the questions, giving miscellaneous personal information, but insisting that he was not in the wagering business. Instead of asking directly whether he knew of the federal revenue requirements (to serve as a basis for charging a willful violation), the form question was phrased hypothetically, whether, if defendant were in the wagering business, he would have registered and purchased a federal stamp (i. e., paid the special occupational tax). The defendant replied, "I suppose so. I would if I were in the business." At the trial, over objection, the government introduced defendant's statements of his name, address, and occupation, which it used as a foundation for its evidence that he had not registered or purchased a stamp, and introduced his response to the hypothetical question as an admission of his knowledge that he should have done so.

We cannot believe that after arrest the police must advise a suspect of his right to counsel before asking basic questions going to his identity, such as name, address, and occupation, even though the suspect may not appreciate to what use the answers might be put. Possibly, if a suspect fully understands his right to remain silent, the police can ask straightforward questions that go considerably further without advising him of his right to counsel. Cf. United States v. Cone, 2 Cir., 11/22/65, 354 F.2d 119. This we need not decide, however, for the agent's hypothetical inquiry in the present case is quite a different matter. It was obviously a trick question, designed to induce the defendant inadvertently to incriminate himself. We say inadvertently because not only was the purpose of the question concealed, but the incriminatory answer was precisely the one that would appear to be exculpatory. The government's devious purpose in so phrasing the question might be apparent to a lawyer. To a layman, the question was all candor and aboveboard.

Once a suspect has been arrested the government's minimum obligation is to show that his answers to questions were fully voluntary, including that they were given with an understanding of his right to remain silent. By cleverly phrasing the hypothetical question the government deliberately undercut the defendant's intelligent choice whether or not to answer, and in effect prevented him from freely exercising that right. The answer should not have been admitted into evidence. ·

Those of defendant's other points that merit discussion have been answered in Driscoll v. United States, supra. However, we should again remind the district court of the inappropriateness of instructing the jury that any portion of the government's evidence is "undisputed." As we indicated in De-Cecco v. United States, 1 Cir., 1964, 338 F.2d 797, all issues not affirmatively conceded are "disputed" on a plea of not guilty. While it might not have that ef-fect on a lawyer, to tell the jury that something is undisputed may well suggest that it is conceded. If the court wishes to comment on the evidence, or to summarize the evidence, it should ordinarily do so in a manner that does not reflect on the defendant's failure to offer rebuttal. See, also, regarding the danger inherent in referring to evidence as "uncontradicted," Desmond v. United States, 1 Cir., 1965, 345 F.2d 225; Kitchell v. United States, 1 Cir., 1966, 354 F.2d 715.

Judgment will be entered setting aside the verdict of the jury on Counts 1 and 2 and vacating the judgment thereon, and ordering a dismissal of Count 2, and a new trial on Count 1 not inconsistent herewith.