**UNITED STATES of America,**
**Appellee,**

v.

**Joe TRUJILLO, Appellant.**

**No. 73-1935.**

United States Court of Appeals,
Tenth Circuit.

Argued May 15, 1974.

Decided June 6, 1974.

Jack L. Love, Federal Public Defender, Albuquerque, N. M., for appellant.

Harris L. Hartz, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., with him on the brief), for appellee.

Before HILL, SETH and DOYLE, Circuit Judges.

SETH, Circuit Judge.

Joe Trujillo appeals from his conviction by a jury on separate counts of possession of heroin with intent to distribute and distribution of heroin, both in violation of 21 U.S.C. § 841(a)(1). The charges stem from an incident in which the appellant purchased eleven "caps" of heroin with $50.00 he had obtained from

an undercover narcotics agent. Following the purchase he delivered eight of the caps to the agent.

At the trial, several relatives and acquaintances of the appellant testified to his extensive history of paint sniffing and alcohol abuse, and to his erratic and unpredictable behavior when subjected to the influence of those substances. The appellant testified that prior to the incident in question he had sniffed half a can of paint and consumed a quantity of wine as well as a Coke containing some unknown drug, and that he was experiencing the effects of that activity throughout the transaction. A psychiatrist testified for the defense that the appellant was probably having difficulty in understanding reality and distinguishing right from wrong as a result of the various substances he had consumed.

The prosecution presented testimony from the agents involved that the appellant had not behaved abnormally, and from a second psychiatrist that the appellant was probably capable of understanding and controlling his conduct at the time of the offense. At the close of the evidence, the court instructed the jury on the defenses of diminished capacity and intoxication.

The sole question we are asked to consider is whether the jury should have also been instructed that it might find the appellant guilty of mere possession in violation of 21 U.S.C. § 844(a) as a lesser included offense. The theory which the appellant advances is that the jury might have perceived his mental state to be such that he could commit the offense of possession, but would be incapable of the offense of distribution or possession with intent to distribute. We are convinced such a distinction cannot be made. Both section 841(a) and section 844(a) use the terms "knowingly or intentionally" in describing the mental state necessary to commit offenses

thereunder. While the specific objectives of the two actions differ, we can develop no gradation from the mental capacity necessary to allow knowing or intentional possession to that necessary to allow knowing or intentional distribution or possession with intent to distribute. There may be circumstances in which the specific intent to distribute essential to an offense under section 841(a)(1) is in doubt, yet the fact of knowing or intentional possession established. Such might be the case if the defendant were found in possession of a suspiciously large quantity of narcotics. In that event a lesser included offense instruction enabling the jury to convict the defendant of mere possession might well be appropriate. *See,* for example, United States v. Owens, 344 F.Supp. 1355 (W.D.Tex.1972). However, such circumstances are not present in this case.

■■ Whether by reason of intoxication, drug abuse, temporary or permanent insanity, the appellant's defense was mental incapacity. The court properly instructed the jury on the law relating to this defense, and in so doing characterized it as an absolute defense. We agree. The defendant was either capable of committing an offense or he was not. The matter was for the jury to resolve. We can find no viable theory of partial responsibility which would excuse some but not all of the defendant's conduct.

■■ A lesser included offense instruction is neither necessary nor appropriate unless justified by the evidence. It is not to be used to inject the element of mercy. United States v. Sinclair, 144 U.S.App.D.C. 13, 444 F.2d 888; *See also* Hanks v. United States, 388 F.2d 171 (10th Cir.). We find no circumstances justifying such an instruction in this case.

The judgment is affirmed.