**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Curtis Leo HALL, Defendant-Appellant.**

No. 75–1453.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1976.

W. E. Gore, Jr., Jackson, Miss., Thomas E. Royals, Jackson, Miss., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., James B. Tucker, Asst. U. S. Atty., Jackson, Miss., Thomas E. Rickhoff, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before BROWN, Chief Judge, RIVES and GEE, Circuit Judges.

GEE, Circuit Judge:

Appellant challenges two parts of the lower court's charge to a jury that convicted him of conspiracy to produce and possession of counterfeit bills. We agree with both his objections and, finding each error prejudicial, accordingly reverse.

First, the trial judge instructed the jury that "[w]hen a conspiracy has been established by competent proof, only slight evidence is necessary to connect a person with the conspiracy." As this court held in *United States v. Marionneaux*, 514 F.2d 1244, 1249 (5th Cir. 1975), this instruction correctly describes the standard a *court* should use to determine whether the evidence against a particular defendant supports submission of his case to the jury,[1] but the language

1. *See* cases cited in *United States v. Brasseaux*, 509 F.2d 157, 161 n. 5 (5th Cir. 1975).

should not be used in the charge to a *jury*. The government concedes error in the instruction but contends that the error was harmless and that the trial judge cured it by other instructions. Despite the lack of provable prejudice to defendant's case because of other instructions giving the reasonable doubt standard, however, the erroneous instruction reduced the level of proof necessary for the government to carry its burden[2] by possibly confusing the jury about the proper standard or even convincing jury members that a defendant's participation in the conspiracy need not be proved beyond a reasonable doubt.

■■ Second, the trial judge charged the jury that the government's testimony was "undisputed" because defendant had introduced no witnesses of his own. But defendant's plea of not guilty leaves the government with the burden of proof beyond a reasonable doubt on each element of the offense, so the government's testimony was not "undisputed." In condemning this instruction we agree with the First Circuit that

> [a]ll issues not affirmatively conceded are "disputed" on a plea of not guilty. While it might not have that effect on a lawyer, to tell the jury that something is undisputed may well suggest that it is conceded. If the court wishes to comment on the evidence, or to summarize the evidence, it should ordinarily do so in a manner that does not reflect on the defendant's failure to offer rebuttal.

*Flaherty v. United States*, 355 F.2d 924, 926 (1st Cir. 1966). *See also DeCecco v. United States*, 338 F.2d 797, 798 (1st Cir. 1964).

To rectify these two errors in the charge, this case must be reversed and remanded for a new trial.

Reversed and remanded.

2. Which is impermissibly inconsistent with the "constitutionally rooted presumption of innocence." *See Cool v. United States*, 409 U.S.

100, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972) (per curiam).