UNITED STATES of America, Plaintiff-Appellee,

v.

Steve LAKE, Defendant-Appellant.

No. 82–5837.

United States Court of Appeals, Eleventh Circuit.

July 5, 1983.

Frank J. Petrella, Atlanta, Ga., for defendant-appellant.

Stanley Marcus, U.S. Atty., Karen L. Atkinson, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, ANDERSON, Circuit Judge, and GOLDBERG *, Senior Circuit Judge.

GODBOLD, Chief Judge:

This is an appeal from the denial of a Rule 32(d), F.R.Crim.P., motion to withdraw a plea of guilty on the ground that many months after defendant entered the plea and was sentenced he discovered for the first time that he suffered a psychiatric disability that affected his capacity to commit the offense to which he had pleaded.

We affirm.

Defendant was indicted in March 1981 charged with conspiracy and possession with intent to distribute approximately 3,500 pounds of marijuana in violation of 21 U.S.C. Sec. 841(a)(1), Sec. 846 (1976), and 18 U.S.C. Sec. 2. On May 26, after a motion to suppress was denied, defendant pleaded guilty to the conspiracy charge, and on July 15 he was sentenced to four and one half years in prison.

New counsel was retained and in November 1981 filed a Rule 35 motion to reduce sentence, together with a motion for psy-

chological testing. The court denied the motion to reduce but granted the motion for testing. The psychologist filed his report in January 1982. He diagnosed defendant as suffering from Post-traumatic Stress Disorder, a psychiatric malady recognized by the American Psychiatric Association and the Veterans Administration and arising from combat service in Viet Nam. The psychologist related the psychiatric condition to defendant's participation in the marijuana conspiracy, expressing his judgment that defendant was motivated primarily by fear of losing a friend involved in the conspiracy rather than by a desire for profit.

In May 1982, defendant, on the basis of the psychologist's report, filed the Rule 32(d) motion to withdraw his plea and requested a hearing. The court denied the motion without hearing. Defendant has appealed from that denial.

It is helpful to recite what this case is not. It is not a direct appeal attacking an allegedly invalid guilty plea. See U.S. v. Dayton, 604 F.2d 931 (5th Cir.1979) (en banc). Defendant's time for appeal had long since expired. It is not a motion under 28 U.S.C. Sec. 2255. See Keel v. U.S., 585 F.2d 110 (5th Cir.1978). It is not contended that counsel was incompetent. Nor does defendant claim that he was incompetent to understand the charge against him. See n. 1, infra.

Rule 32 is a special means of collaterally challenging an allegedly improper guilty plea. U.S. v. Watson, 548 F.2d 1058, 1063 (D.C.Cir.1977). The rule provides:

A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

---

* Honorable Irving L. Goldberg, U.S. Circuit Judge for the Fifth Circuit, sitting by designa-

tion.

■ Rule 32(d) contains no time limitation. It contains its own standards for trial court action, "to correct manifest injustice." The defect complained of need not be of constitutional magnitude. *U.S. v. Dabdoub-Diaz*, 599 F.2d 96, 99 (5th Cir.1979). The cases assume without discussion that denial of the motion is appealable. *Dabdoub-Diaz; U.S. v. McDaniel*, 425 F.2d 813 (5th Cir.1970). The standards for our review of the district court's action have been said to be the same as for the district court, the "manifest injustice" standard. *Dabdoub-Diaz*, at 99. We construe the terse statement in *Dabdoub-Diaz* to mean, stated more precisely, that the standard of review is whether the district court exceeded the bounds of discretion in concluding that there was no "manifest injustice."

■ Defendant argues that it was "manifest injustice" not to permit him to withdraw his plea, and, alternatively, that it was error for the court not to grant a hearing on the manifest injustice issue. The gist of his motion is that he was innocent of the charges because he lacked the mental capacity to form the necessary intent to commit the offense.[1] The psychologist's report does not clearly support defendant's asserted defense. The portions of the report cited by defendant provide insight into his motives but do not squarely address his ability to form the requisite intent. It is not a defense to say simply that defendant committed the crime out of a desire for friendship rather than monetary profit. So long as defendant retained the capacity to make knowing and voluntary choice, his particular motives are irrelevant to the issue of intent. *See generally* W. LaFave & W. Scott, Criminal Law 204–07 (1972). *Cf. U.S. v. Trujillo*, 497 F.2d 408 (10th Cir.1974) (recognizing defense of mental incapacity by reason of intoxication, drug abuse or insanity).

■ Yet even assuming that defendant could make out a valid defense on the basis of the psychologist's report, his argument cannot prevail. Put in focus, defendant simply says that he discovered some eight months after entering his plea and six months after sentence that he had a defense, albeit a psychiatric-based one, to the charge against him. He does not assert that the plea was invalid except as it was allegedly affected by his absence of knowledge of the alleged defense.

There is no claim that the government knew of or suspected defendant's psychiatric condition or has overreached or dealt with him unfairly in any way. There is no contention that either counsel or court knew of his condition or had any reason to know of it. Defendant has merely belatedly discovered a fact asserted to be a defense. The district court did not exceed the bounds of discretion in concluding there was no "manifest injustice." Indeed, we agree with the district court. The institutional and public interests in finality will not permit the defendant to do what he seeks. We would not permit a defendant to withdraw his plea under Rule 32(d) months after sentencing on the ground he had just discovered that the bank he robbed was not insured by FDIC, or that the sawed off shotgun he carried was more than 18 inches long. This defendant's contentions are more appealing but not legally distinguishable.

There was no reason to have a hearing. Accepting defendant's contention as true and the psychologist's report as correct, he is not entitled to withdraw his plea.

AFFIRMED.

---

1. The motion alleged that defendant was not competent to understand the charge against him. The psychologist's report does not support this, and at oral argument defendant stated that he does not press such a claim.