**UNITED STATES of America**

v.

**Edward Patrick KENNEY, et al.**

**Crim. No. 84–00007–01–P.**

United States District Court,
D. Maine.

Dec. 11, 1984.

Richard S. Cohen, Joseph H. Groff, III, Portland, Maine, for plaintiff.

Daniel G. Lilley, Portland, Maine, for defendants.

MEMORANDUM OF DECISION ON BENCH RULING OVERRULING DEFENDANT KENNEY'S OBJECTION AT TRIAL TO ADMISSIBILITY OF PRIOR BAD ACTS OF THE DEFENDANT UNDER FED.R.EVID. 404(b) and 403

GENE CARTER, District Judge.

### I.

Defendant Kenney stood trial on an indictment charging him with one count of conspiracy to possess cocaine with intent to distribute (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2) and two counts of possession of cocaine (21 U.S.C. § 844(a)). The conspiracy offense is alleged to have occurred in the period January 10–12, 1984, and the possession offenses on January 12, 1984. In a December 7, 1984, bench ruling during the course of the trial, the Court, over objections by the Defendant, admitted testimony by the Government's witness, James Gregory Anderson, and related evidence, which was offered to prove "prior bad acts" of Defendant Kenney. The prior bad acts consist of participation in an alleged 1983 conspiracy to possess cocaine with intent to distribute. The issue had been raised, briefed, and argued in this case on Defendant's Motion for an *In Limine* Ruling. Further extensive arguments were heard in the course of trial from counsel. The Court denied the motion, without prejudice to assertion of the objection at trial, in the proceedings on the motion *in limine*. Because of the admittedly critical importance of the trial ruling, the Court at trial informed counsel that it would file this Memorandum of Decision, articulating the basis of its ruling in order to complete the record in the event of future appellate review. By doing so, no delay of the ongoing processes of the trial was occasioned by the reading of such ruling into the record.

At issue by virtue of the Defendant's objection is the admissibility under Fed.R. Evid. 404(b) and 403 of testimony by the Government's cooperating witness, James Gregory Anderson, about certain recorded conversations that the Government witness will testify that he had with the Defendant Kenney and about other acts, events, and transactions involving cocaine trafficking in which the Defendant Kenney is claimed to have participated. All these acts, conversations, events, and transactions occurred in the period between May 1983 and January 10, 1984. This time period constituted the bulk of the alleged period of another drug related conspiracy which is set out in Count I of the indictment in the presently-pending case of *United States v. Field*, Criminal No. 84–00008–P. Defendant Kenney is charged in that case, with the codefendants therein, Martin and Field, with participation in a conspiracy with intent to distribute cocaine.

Defendant Kenney is not charged in the present case with acts that relate to the conspiracy charged in the *Field* case. Rather, he is here charged with conspiracy because of acts and transactions in which he allegedly engaged with codefendant Needelman, now a fugitive, and Anderson in the period from January 10, 1984, through January 12, 1984. Specifically, the conspiracy charge concerns an alleged transaction to purchase a distinct kilogram of cocaine from codefendant Needelman and to distribute it to Anderson, who, it is claimed, provided to Defendant Kenney money to purchase the kilo from codefendant Needelman.

The Government first concedes that Anderson's testimony on these particulars will be in respect to "prior bad acts" of Defendant Kenney within the scope of Fed.R.Evid. 404(b) and that they are not, therefore, admissible under Rule 404(b) to prove Defendant Kenney's character in order "to show that he acted in conformity therewith." The Government contends, however, that the evidence is properly "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* Further, argues the Government, the probative value of such evidence for one or more of those purposes is not "outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

The Defendant argues, on the other hand, that Anderson's proposed testimony has little, if any, probative value on any of the issues for which the use of such evidence is permitted under Rule 404(b). Further, it is argued, such probative value as it may have is substantially outweighed by the considerations enumerated in Rule 403, principally, that of unfair prejudice to the Defendant. Finally, Defendant contends that use in this case of the subject testimony permits the Government to attempt to prove the 1983 conspiracy against the Defendant Kenney in an effort to convict him of another conspiracy which the Government has, by indictment, elected to treat as separate and distinct from the prior, *Field* case, conspiracy. This, it is asserted, the Government may not be permitted to do.

The latter argument is, on its major premise, correct, as the Government concedes. The Government may not, under Rule 404(b), prove in this case the acts of Defendant Kenney in the *Field* case conspiracy, whether or not he has been convicted thereof, for the purposes of showing that, because Defendant Kenney was a participant in the prior conspiracy he has a criminal disposition and it is thereby made more likely that he participated, as charged, in the January 10–12, 1984, conspiracy with the codefendant Needelman and others. However, to the extent that the proposed evidence has probative value to prove some aspect of any issue listed in the second sentence of Rule 404(b), and that value is not outweighed by any or all of the considerations enumerated in Rule 403, such evidence may be admitted for the limited purpose of proof on such of those excepted issues as are here generated.

Given that premise, the Defendant's latter argument overlooks that evidence of the Defendant Kenney's prior acts in 1983 may be relevant, and even admissible, in different proceedings for distinctive purposes. That is, such evidence may be properly admissible to prove (1) *in the Field case*, that Kenney participated in the conspiracy there alleged, and also (2) to prove *in this case* (a) some proposition bearing on Defendant Kenney's motive, opportunity, intent, preparation, plan or knowledge with respect to the conspiracy charged in the present case, or (b) the absence of mistake or accident with respect to any participation in such conspiracy that is otherwise proved.

The effect of Rule 404(b) is to limit the purposes for which such evidence of prior acts may be considered to be admissible as relevant. The impact of Rule 403 is to require the Court in the exercise of a wise and informed discretion, *United States v. Czarnecki*, 552 F.2d 698, 702 (6th Cir.1977), to balance the probative value of such evidence for one or more of such purposes against its potential for harm because of one or more of the considerations enumerated in the second sentence of Rule 403. Guard is set, by this means, against any situation where evidence of such prior acts would be admitted on the Rule 404(b) permitted issues which had little probative value and could, at the same time, expose the Defendant to the risk that it would be used solely, or significantly, for the proscribed purpose specified in the first sentence of Rule 404(b) (e.g., to prove that Defendant is, or may be, guilty of the presently-charged offense because he participated in the prior one).

The Defendant here has pleaded not guilty and has thereby placed all elements of the offense charged in this indictment at issue. *Flaherty v. United States*, 355 F.2d 924, 926 (1st Cir.1966). Under that plea, the Government must prove beyond a reasonable doubt every element of the offense charged. Each of the three offenses charged here has an element of specific intent. *See, e.g., United States v. Trujillo*, 497 F.2d 408 (10th Cir.1974); *United States*

*v. Tarr*, 589 F.2d 55 (1st Cir.1978); *United States v. Newman*, 490 F.2d 139 (3d Cir. 1974).

Having previously heard the testimony of the Government's witness Anderson in the trial of the *Field* case, and having become familiar with it in the pretrial proceedings in this case, the Court is aware in great detail of the content of that proposed testimony. The testimony may be broken down for present purposes into several segments. First, it relates to Anderson's involvement in drug dealing with various people other than Defendant Kenney from 1973 to May 1983. Second, it relates to ongoing cocaine distribution activities by Anderson, acting through codefendants (in the *Field* case) Field and Martin and others, in the period from May 1983 to January 12, 1984. Defendant Kenney played no active role in these activities other than allegedly being a source from which Anderson occasionally obtained wholesale amounts of cocaine. Third, Anderson's testimony relates to those transactions which he allegedly had with Defendant Kenney from May 1983 through October 1983, when he made his last completed purchase of cocaine from Defendant Kenney. This testimony includes assertions that Defendant Kenney was the source of some of the cocaine distributed in the course of the 1983 conspiracy. Fourth, Anderson's testimony relates to events surrounding an attempt by Anderson, under the supervision of government agents, to make a controlled investigatory purchase of a large quantity of cocaine from Mr. Kenney in the period January 10 to January 12, 1984. These events form the basis of the conspiracy charge against Defendant Kenney in the present case.

The Defendant sought to have excluded as inadmissible evidence of "prior bad acts" of the Defendant Kenney any testimony falling within the third segment, previously described, of Anderson's testimony. A favorable ruling on Defendant Kenney's objections would keep out of evidence in the present case any testimony or other evidence by Anderson displaying to the

jury his drug dealings with the Defendant Kenney in the period from May 1983 to October 1983.

## II.

The best decisions in the majority of circuits counsel that the District Court is to approach the receipt of prior crimes evidence with a cautious attitude. *United States v. Bailey*, 505 F.2d 417, 419–20 (D.C. Cir.1974), *cert. denied*, 420 U.S. 961, 95 S.Ct. 1350, 43 L.Ed.2d 438 (1974); *United States v. Brettholz*, 485 F.2d 483, 487 (2d Cir.1973), *cert. denied*, 415 U.S. 976, 94 S.Ct. 1561, 39 L.Ed.2d 871 (1973); *United States v. San Martin*, 505 F.2d 918, 921–22 (5th Cir.1974); *United States v. Ring*, 513 F.2d 1001, 1004–05 (6th Cir.1975); *United States v. Phillips*, 401 F.2d 301, 305–06 (7th Cir.1968); *United States v. McMillian*, 535 F.2d 1035, 1038 (8th Cir.1976); *United States v. Perez*, 491 F.2d 167, 172 (9th Cir.1974), *cert. denied*, 419 U.S. 858, 95 S.Ct. 106, 42 L.Ed.2d 92 (1974). The intellectual equation required to be indulged by the District Court is one of a discrete balancing judgment, and it is not satisfied by any mechanical application of the strict language of the rule. *See,* E. Cleary McCormick, *Evidence,* § 190 (2d Ed.1972).

■ The case literature demonstrates that a number of factors are traditionally considered by courts in determining the admissibility of such prior acts evidence. These are generally: .

(A) *The force of the Government's demonstration of need for the evidence.* As the Court observed in *United States v. Carter,* 516 F.2d 431, 434 (5th Cir.1975): "The lack of independent evidence of the appellant's intent would seem to make the factor of the government's need for the evidence weigh heavily on the balancing scales." *See also, United States v. Cavallino,* 498 F.2d 1200, 1206 (5th Cir.1974). Moreover, the Advisory Committee's Notes on Proposed Rule 403 specifically state: "Situations in this area call for balancing the probative value of ·and need for the evidence against the harm likely to result from its admission." (Emphasis added.)

(B) *The strength of the evidence of prior acts.* The clear majority rule requires that such prior acts, to be admissible, must be proven by evidence that is "clear and convincing." *United States v. Wagoner,* 713 F.2d 1371, 1375–76 (8th Cir.1983); *United States v. Wormick,* 709 F.2d 454, 459 (7th Cir.1983); *contra, United States v. Beechum,* 582 F.2d 898, 913 (5th Cir. 1978);

(C) *The persuasive or probative force of the other acts evidence.* This factor refers primarily to the relative temporal remoteness of the prior acts to be proven from the offense charged. *United States v. Scott,* 701 F.2d 1340, 1345–46, *reh'g denied,* 707 F.2d 523 (11th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 175, 78 L.Ed.2d 158;

(D) *The risk of prejudice that will be occasioned by the admission of the prior acts evidence.* This element of the equation requires that evidence of prior acts be excluded where any probative force on matters such as intent or motive is "grossly overshadowed by the propensity of the testimony to prove only a criminal disposition." *United States v. Back,* 588 F.2d 1283, 1285 (9th Cir.1979).

■ Applying these criteria to determine the admissibility of Anderson's testimony as to the prior 1983 acts of Defendant Kenney, it is clear to the Court that this prior acts testimony is evidence of a high level of probative force.

## A.

It is significant that the only evidence available to the Government to connect the Defendant Kenney to any negotiations or acts involving large scale sales of cocaine is the testimony of Anderson, and the testimony of the agents who overheard, via wiretap, the conversations between Anderson and Kenney in the late forenoon meeting on January 12, 1984.

Only Anderson can explain firsthand how these conversations came about. The explanation evolves out of his alleged relationship, as he describes it, with Defendant

Kenney prior to January 10, 1984. The agents can testify to their direct knowledge as to what happened in their view once Defendant Kenney arrived at the Westbrook Mall parking area. The gist of that is their observation of Defendant Kenney meeting Defendant Needelman, and their arrest of Defendant Needelman, in possession of a paper bag that ultimately proved to contain the money previously given to Anderson by the agents. Of course, it is also true that the agents may testify to what they overheard about certain of the conversations between Defendant Kenney and Anderson in the period January 10–12 while they were electronically eavesdropping upon those conversations. All that they would be permitted to testify to, however, is the substance of those conversations. They are not in any position to testify on such matters as the motivation of Defendant Kenney for participating in those conversations or to give any interpretations of Kenney's statements at the time they were made in the course of those conversations.

Thus, the critical aspect of the Government's case, from its point of view, is its ability to prove *for what purpose* Defendant Kenney could be found, beyond a reasonable doubt, to have transferred the money given to Anderson to Defendant Needelman. For evidence on that critical aspect of the case, the Government is wholly dependent upon the testimony of Anderson. Questions of Kenney's motive, intent, purpose, design and the context of his dealings with Anderson in the period of January 10–12, 1984, can only be resolved by Anderson's explication of his prior relationship with Defendant Kenney. Only that explication can serve to establish what was the subject of the guarded language of the conversations that made up those dealings. Only that explication can show clearly the status of Defendant Kenney's knowledge of the transaction. Clearly, the Government has a compelling need for the prior acts evidence.

### B.

The proof of the prior acts derives wholly from the testimony of Anderson. He was allegedly the only person other than the Defendant Kenney who took part in the 1983 transactions for the purchases from Kenney of large quantities of cocaine. Yet, the plea bargain between Anderson and the Government and Anderson's own testimony show that it was principally in reliance upon his knowledge of those 1983 transactions that he became a cooperating witness, pleaded guilty to an information charging a felony offense, and agreed to actively assist the Government in its investigation. Anderson's description of the prior transactions with Defendant Kenney in 1983 follows the same basic transactional format as that which he described for the January 1984 transaction. The Court is satisfied that the Government's showing of the strength of the prior acts evidence meets the "clear and convincing evidence" standard.

### C.

Anderson's testimony will show that he dealt with Defendant Kenney on several occasions in the five months between May and October of 1983 to purchase large quantities of relatively pure cocaine. The last of these transactions was separated by less than three months from the January 12, 1984, alleged transaction, which was nearly identical in its format to those earlier transactions. The slight gap in time between those transactions, and the similarity of some features of the prior transactions to that of January 12, 1984, gives a strongly persuasive force to the prior acts evidence.

Further, the prior acts evidence is of great probative force in establishing convincing proof that Defendant Kenney had the opportunity to gain access to large quantities of pure cocaine for purchase by Anderson close in time to the alleged occurrence of the offense for which the Defendant is on trial. That evidence is persuasive of a fixed plan and pattern of conduct of Defendant Kenney in dealing in cocaine, similar in structure and content to his alleged participation in the transaction which the Government seeks to prove. The prior

acts evidence, if believed by the jury, certainly will go a long way to prove Defendant Kenney's intent to participate on January 12, 1984, in a transaction to deal in cocaine. With even greater force that evidence will show, if believed, his knowledge on January 12, 1984, that he was engaged in an arrangement for the sale of a kilogram of cocaine.

The prior acts evidence is relevant to establish his continuous past trading relationship with Anderson, which is substantially consistent with the transaction that Anderson will testify occurred on January 12, 1984. It will, if believed and used for that purpose, constitute compelling evidence of the consistency of Anderson's testimony and dealings and strengthen the credibility of his testimony, on which the Government's case principally rests.

Most importantly, the prior acts evidence is relevant to set the testimony of Anderson in its whole context and to permit the Government to show that the offense at issue is but a part of a whole pattern of dealings and acts extending over an eight-month period from May 1983 to January 12, 1984. It may establish that the January 12, 1984, acts are an inseparable part of a string of similar transactions. Use of prior acts evidence "to complete the story of the crime on trial by proving its immediate context" is proper, *United States v. Howard*, 504 F.2d 1281, 1284 (8th Cir.1974), as where it is used to prove that the charged acts are "part and parcel" of a continuing course of similar criminal activity. *United States v. Cochran*, 475 F.2d 1080, 1082 (8th Cir.1973), *cert. denied*, 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973); *cf. United States v. Turpin*, 707 F.2d 332, 336 (8th Cir.1983) (prior acts evidence admissible where it is "an integral part of the immediate context of the crime charged").

### D.

To be balanced against the very considerable probative force and persuasiveness of the prior acts evidence to which objection is made, for the foregoing multiple purposes, is the risk of prejudice to the Defendant Kenney. That risk here is not substantial. To the extent that Anderson's version of his dealings with Defendant Kenney is believed by the jury, there is no unfairness in exposing Defendant Kenney to the exposition in full context of the details of his entire personal relationship over an eight-month period of time with Anderson. He will be in a position to adjudge accurately the veracity of Anderson's testimony as to the acts Anderson contends Defendant Kenney participated in with him. Thus, Defendant Kenney will be in a position to know if Anderson testifies falsely and to develop a strategy of proof to meet Anderson's allegations, if they are false. The entire story, as it is to be related by Anderson, is not complex or confusing; it describes a relatively simple, straightforward series of transactions between the two men over a relatively short period of time. The critical feature of the Government's case will be the credibility of Anderson.

To deprive the Government of the opportunity to show the prior acts could well leave the jury with a brief and amorphous fragment of a larger relationship and course of conduct that could not help but be deceptive in its incompleteness and confusing in its undisplayed origins, ramifications and implications. By comparison with the positive strength of the purposes for which the prior acts testimony may legitimately be used, the potential persuasiveness of the evidence and its probative force on issues for which it may properly be used, any possible unfairly prejudicial effect is of relative insignificance. Nor is it likely to mislead the jury or cause confusion or undue delay.

### III.

Accordingly, the Court concludes, in the exercise of the discretion conferred upon it by Fed.R.Evid. 404(b) and 403, that the evidence of prior acts of Defendant Kenney in 1983 in respect to cocaine transactions with the witness Anderson, offered by the Government, is properly admissible for any one or more of the purposes specified hereinabove.

### IV.

Defense counsel has made a facially appealing argument that prior acts evi-

dence must be excluded in order for the Court's ruling in this case to be consistent with the Court's ruling in the *Field* case, which excluded from the record in that case evidence of Defendant Kenney's subsequent acts in the January 1984 conspiracy. However, close analysis shows that in the exercise of a wise, informed discretion, *Czarnecki*, 552 F.2d at 702, it is less consistency of result that is properly to be sought than consistency of application of the controlling principles. In the *Field* case, the Court admitted the evidence of Defendant Field's subsequent acts through January 12, 1984, against both Field and the Defendant Kenney, the rationale being that, since there was no showing made that either of them had withdrawn from the 1983 conspiracy, Field's acts in continuing to sell, right up until January 12, 1984, the cocaine allegedly sold by Defendant Kenney in 1983 to Anderson, were acts in the continuing furtherance of the purposes of the 1983 conspiracy. Since Kenney never withdrew from the 1983 conspiracy, under the agency theory of criminal conspiracy Field's acts were attributable to him as a coconspirator. As such, they were relevant to prove the 1983 conspiracy against both Field and Kenney. Field's acts were not, however, any part of the January 12, 1984, conspiracy and no contention was made then or now that he was a member of the latter conspiracy. Hence, proof of *his* acts did not inform the jury of even the existence of the alleged 1984 conspiracy. No risk of unfair prejudice was created by their admission.

However, the Court excluded under Rule 403 any proof of the subsequent acts of the Defendant Kenney relating to the January 12, 1984, conspiracy because their probative value was outweighed by the risk of unfair prejudice. The Court was satisfied that in the context of the record in that case, Defendant Kenney's subsequent acts in January 1984 had little, if any, probative value in proving any proposition concerning his knowledge, motive, opportunity, intent or relationship with Anderson in respect to the 1983 transactions.

Further, there was little need for such evidence because Anderson's testimony otherwise proved in great detail the factual circumstances of the alleged 1983 transactions, meetings and discussions which were the subject of that prosecution. Evidence of acts relating to the latter offense were not necessary to set the context of the testimony as to the prior offenses which were there charged, and, in fact would not do so.

Finally, proof of Defendant Kenney's subsequent acts, if believed by the jury, would have proved that he had committed another subsequent offense of a somewhat similar nature. Calling the said evidence of the January 1984 acts to the jury's attention would, however, in the Court's view of that case, have made *very compelling* the temptation for the jury to unfairly and improperly convict Defendant Kenney on the theory that if he committed the offense later in January of 1984, he had probably also committed it earlier in 1983. Yet, this risk would be run for very little in the way of positive, probative force to be derived from the proof of the subsequent acts on any issue relating to the 1983 conspiracy. As a discretionary judgment, the Court found the hazard too great to be justified for the small benefit, really unneeded by the Government in any event, to be gained by admission of evidence of Defendant Kenney's subsequent acts in 1984. Thus, such evidence was excluded. No analytical inconsistency exists between that ruling and the one presently made in this case.

Defense counsel has pointed to the Court's comment in its ruling *in the Field case* that there were factual dissimilarities between the 1983 and 1984 conspiracies. Counsel argues vigorously that if the existence of such dissimilarities made the "subsequent bad acts" evidence inadmissible in the *Field* case, it must do so here with respect to the "prior bad acts" evidence. That argument overlooks the fact that the primary analysis performed by the Court in *Field* was to weigh the benefits of admission of the evidence against the risks. That is not to say that there were not some aspects of the two charges that were dissimilar. Defense counsel points principally

to the fact that in the 1984 transaction: (1) the cocaine was never delivered to Anderson by Defendant Kenney; (2) Defendant Kenney's alleged source of the cocaine was different than in the 1983 transaction; and (3) Anderson did not produce the full price for the cocaine, which injected a new element into the negotiations. Those were admittedly factual distinctions between the 1983 and the 1984 transactions.

The Court felt that in the context of offering the 1984 acts to prove Defendant Kenney guilty of the 1983 conspiracy, the significance of such differences was exacerbated and should be given considerable weight as an element in the benefit/risk equation.

The most marked dissimilarity, however, was one not mentioned by counsel. It lay in the nature of each of the offenses charged. The indictment for the 1983 offense did not charge Defendant Kenney's source of cocaine as a coconspirator. The gravamen of that charge, as against Defendant Kenney, was that he agreed to sell cocaine to Anderson for the purpose of Anderson's distribution of it to the street level dealers, Martin and Field, and in turn, to their and Anderson's street level customers. The conspiracy alleged in this case does name Defendant Kenney's source for the cocaine, Defendant Needelman, as an indicted coconspirator. The thrust of this prosecution of Defendant Kenney is that he agreed with Anderson and Needelman to obtain cocaine for Anderson from Needelman. The prosecutorial focus upon the nature of Defendant Kenney's allegedly unlawful conduct is different in the two cases. In one (1983), there is a claim of conspiracy to sell for distribution a substantial quantity of cocaine to Anderson. In the other (1984), there is a claim of a conspiracy to acquire for Anderson (from Needelman) a substantial quantity of cocaine. Viewed only in prospect at the time of the ruling in the *Field* case, the Court felt that the difference in focus in the two prosecutions, taken in juxtaposition to the Court's evaluation of the low level of probative force of the evidence of 1984 acts to prove a 1983 conspiracy, could seriously heighten the prejudicial effect of the evidence of the 1984 acts if admitted in the *Field* case.

That exacerbative effect is clearly not present here. Evidence that Defendant Kenney was in 1983 engaged in repetitive sales of large amounts of cocaine to Anderson for street distribution, if believed, may be most instructive to a jury as factfinder to show Defendant Kenney's motive, plan, intent, knowledge, opportunity and preparation regarding the 1984 conspiracy to acquire cocaine for Anderson from Defendant Needelman. The evidence may be most important, in addition, in establishing the absence of mistake or accident on the part of Defendant Kenney. Here, it is that very dissimilarity which may most heighten the probative force of the prior acts evidence by showing that Defendant Kenney was, in fact, a link in a distributive chain.