October 17, 1991

**IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

COMMONWEALTH OF THE NORTHERN )
MARIANA ISLANDS, )
)
    Plaintiff/Appellee, )
)
        vs. )
)
FRANCES CABRERA, )
)
    Defendant/Appellant. )
_____ )

APPEAL NO. 90-056
CRIMINAL CASE NO. 89-131

OPINION

Argued and Submitted September 12, 1991

Counsel for Defendant/Appellant:    Howard Trapp
    200 Saylor Building
    139 Chalan Santo Papa
    Agana, GU 96910

Counsel for Plaintiff/Appellee:    Robert P. Kingsley
    Assistant Attorney General
    Office of the
    Attorney General
    Capitol Hill
    Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

DELA CRUZ, Chief Justice:

Frances Cabrera appeals a Superior Court order denying a motion to set aside her conviction for the felony offense of

failure to make a required disposition of funds[1] and prohibiting her from withdrawing an "Alford plea" in response to the charge.[2]

## I.

Cabrera, an employee of the Commonwealth Utilities Corporation ("CUC"), was charged on August 4, 1989, with two counts of theft, two counts of failure to make a required disposition of funds received, and one count of theft by deception. All are felony offenses.

On February 21, 1990, Cabrera appeared at a court hearing accompanied by her counsel. Initially, the prosecutor described the details of a plea bargaining agreement under which Cabrera agreed not to contest one count of failure to make a required disposition of funds received.[3] He added:

> In order to take advantage of our consolidation of charges, so to speak, and our sentence recommendation, [Cabrera] is at this time willing to enter an Alford plea in this case, which she understands has the same force

---

[1] Six CMC § 1608 provides, in pertinent part:

A person who purposely obtains property upon agreement or subject to a known legal obligation to make specified payment or other disposition, whether from that property or its proceeds or from the person's own property in equivalent amount, commits theft if that person deals with the property obtained as his or her own and fails to make the required payment or disposition and such dealing is to the person's benefit or the benefit of another without lawful authorization.

[2] The nature of an "Alford plea"--a term describing a plea similar to that considered by the U.S. Supreme Court in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ("I'm not guilty but I plead guilty")--is discussed in part III, infra.

[3] In return for the plea, the government agreed to dismiss the other counts and not to make any recommendation as to incarceration.

and effect as a regular guilty plea.

Transcript of Proceedings at 5. The prosecutor then provided a factual basis for the remaining charge.

After the court advised her of the rights she would be giving up and that an Alford plea had the same effect as a guilty plea, Cabrera informed the court: "I would like to plea according to the Alford plea." Id. at 27. The court accepted her plea and found her guilty of the remaining charge.

On July 2, 1990, the court sentenced Cabrera to six years in jail (with two years suspended), fined her $10,000 and ordered her to repay her $11,767.36 salary to CUC and to make $86,174.27 in restitution to CUC.

Cabrera initially appealed the restitition order, then withdrew the appeal and filed a motion in Superior Court to set aside the conviction and to withdraw her Alford plea on the ground that she had not, in fact, pleaded guilty. The motion was denied, and this appeal followed.

## II.

Cabrera argues that the trial court erred in denying her motion to set aside the conviction and in not permitting her to withdraw her "inaccurately designated Alford 'plea'" on the ground that she never pleaded guilty. Appellant's brief at 1. Cabrera also argues that this Court should prohibit NMI courts from accepting Alford pleas.

According to Com.R.Crim.P. 32(d), "[a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence

315

is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his/her plea." The standard of review of the denial of a motion to withdraw a guilty plea after sentence is whether the trial court exceeded the bounds of discretion in concluding that there was no manifest injustice. United States v. Lake, 709 F.2d 43 (6th Cir. 1983). However, the issue of whether a defendant entered a valid Alford plea is a legal question and is reviewable de novo. See, e.g., Commonwealth v. Delos Santos, 3 CR 661 (D.N.M.I. App. Div. 1989) (conclusions of law reviewed de novo by appellate court).

## III.

An Alford plea is somewhat similar to a plea of nolo contendere, which is expressly permitted by Com.R.Crim.P. 11. A defendant pleading nolo contendere ("I will not contest it") does not admit or deny criminal charges, but elects not to contest them.[4] An Alford plea, on the other hand, is a guilty plea accompanied by a protestation of innocence. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). A judgment of conviction may be imposed pursuant to either plea. See, e.g., United States v. Neal, 547 F.2d 95 (9th Cir. 1976) (affirming conviction on basis of Alford plea); Commonwealth v.

---

[4]Nonetheless, the plea has all the effect of a plea of guilty for purposes of the case. Commonwealth v. Kawai, No. 89-011 (N.M.I. Jan. 17, 1990). It is tantamount to an admission of guilt. 1 C. Wright Federal Practice and Procedure: Criminal 2d § 177 (1982).

Kawai, No. 89-011 (N.M.I. Jan. 17, 1990) (affirming conviction on basis of plea of nolo contendere).

In Alford, the U.S. Supreme Court held that a plea of guilty is not compelled, within the meaning of the Fifth Amendment to the U.S. Constitution, if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." 400 U.S. at 31, 91 S.Ct. at 164.

The record shows that the government agreed to dismiss all charges except one and not to make any recommendation regarding incarceration. In exchange, Cabrera agreed to enter an Alford plea.

The colloquy among the court, counsel, and Cabrera on February 21, 1990, reveals nothing that leads us to conclude that Cabrera's Alford plea was compelled in violation of the Fifth Amendment. After lengthy questioning by the court on her understanding of the meaning and effect of an Alford plea, the court advised Cabrera of the rights she would be giving up by entering the plea.[5] The following exchange then occurred:

| | |
|---|---|
| Court: | Do you propose to enter this Alford plea on your own free will? |
| Cabrera: | Yes. |
| Court: | And that because you believe that if this were proven at a trial that you would be found guilty? |
| Cabrera: | Yes sir. |

---

[5]Com.R.Crim.P. 11(c) requires that the court inform a defendant of certain rights before a guilty plea or plea of nolo contendere may be accepted.

317

Court:          Do you understand that even though you
                feel and believe that you are innocent
                that you have the perfect legal right and
                moral right to enter a plea of not guilty?

Cabrera:        Yes.

Court:          And place the burden on the government?

Cabrera:        Yes.

. . . .

Court:          Do you understand that with your plea, and
                I admit the plea to the offense as
                charged, the failure to make required
                distributions of funds, that I can and
                that I will enter a finding of guilty on
                that plea alone, that I will find you
                guilty if you enter an Alford plea?  Do
                you understand that?

Cabrera:        Yes sir.

Transcript of Proceedings at 24, 25. The court subsequently recited the charge and asked her for her plea, to which (as noted above) she responded: "I would like to plea according to the Alford plea." Id. at 27.

The gist of Cabrera's argument is that she did not in fact enter a guilty plea. This is a technical argument that has little merit.

Although it is true that she did not say "I'm not guilty but I plead guilty" (as the defendant in Alford stated), her remarks convince us that she nonetheless understood her plea to be a guilty plea coupled with a protestation of innocence. She acknowledged that the court would enter a finding of guilt in response to her plea.

Cabrera apparently did not want to use the word "guilty" when

318

entering her plea. However, the fact that she did not say "I plead guilty" is not fatal to her plea. See, e.g., United States v. Sternman, 415 F.2d 1165 (6th Cir. 1969), cert. den. 397 U.S. 907, 90 S.Ct. 903, 25 L.Ed.2d 88 (1970) (affirming conviction of defendant whose statements to trial court removed any possible ambiguity in guilty plea).

Cabrera alternatively argues that NMI courts should, as a matter of policy, not accept Alford pleas. She contends that Alford pleas are confusing and ambiguous and that eliminating them would restore certainty to the plea process.

It is true that in Alford the U.S. Supreme Court ruled that "the States may bar their courts from accepting guilty pleas from any defendants who assert their innocence." 400 U.S. at 38, n.11, 91 S.Ct. at 168, n.11. However, we are not persuaded that our courts should, as a matter of policy, categorically reject such pleas.

An Alford plea is not much different from nor any more confusing than a plea of nolo contendere. In response to either plea, a court may enter a finding of guilt that is not based upon an unqualified admission of guilt. With respect to an Alford plea, some confusion may be caused by the difficulty of reconciling a guilty plea with a contemporaneous protestation of innocence. Nevertheless, the choice of entering an Alford plea resides entirely with the defendant. In most cases, it is made in response to a plea bargaining offer.

So long as an Alford plea is not compelled in violation of the

319

Fifth Amendment and is entered voluntarily, intelligently and knowingly, and so long as the defendant is represented by competent counsel, it may be accepted. We caution, however, that "[b]ecause of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice," an Alford plea may not be accepted unless there is a factual basis for it. <u>Alford</u>, 400 U.S. at 38, n.10, 91 S.Ct. at 167, n.10.[6]

## IV.

We hold today that in entering a plea "according to the Alford plea," Cabrera pleaded guilty while protesting her innocence of the charge in question. The trial court did not err in finding her guilty and in sentencing her accordingly. It is apparent that Cabrera's plea was made voluntarily, intelligently, with knowledge of the rights she was giving up, and with the advice of counsel whose competency is not at issue. There was a strong factual basis to support the commission of the charged offence, enabling the court to accept the plea.

We also hold that the trial court did not abuse its discretion in denying Cabrera's motion to vacate her conviction and in not permitting her to withdraw her Alford plea. <u>Lake</u>, <u>supra</u>. There was no "manifest injustice" to correct. Com.R.Crim.P. 32(d).

---

[6]<u>See also</u> Com.R.Crim.P. 11(f) (court should not enter judgment upon guilty plea "without making such inquiry as shall satisfy it that there is a factual basis for the plea").

320

The order appealed from is, therefore, **AFFIRMED**.

Entered this ___17th___ day of October, 1991.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice