[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 11-12501
Non-Argument Calendar

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:89-cr-06122-UNA-3

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MARIE LOUIS,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(February 16, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Marie Louis, a foreign national and former federal prisoner, appeals the district court's denial of her petition for a writ of error *coram nobis*, filed pursuant to the All Writs Act, 28 U.S.C. § 1651. Relying on the Supreme Court's then-recent decision in *Padilla v. Kentucky*, 559 U.S. __, 130 S.Ct. 1473 (2010), Louis sought to vacate her 1990 federal drug-trafficking conviction based on her trial attorney's alleged failure to advise her of the deportation consequences of pleading guilty. After conducting a hearing concerning Louis's plea and counsel's conduct at the time, the district court found that Louis failed to present sound reasons for not seeking relief earlier, failed to demonstrate that her attorney did not adequately advise her of the immigration consequences of pleading guilty, and failed to establish that she suffered any prejudice as a result of counsel's alleged error.

Louis now appeals, arguing that the district court abused its discretion by denying her *coram nobis* petition because *Padilla* applies retroactively to cases on collateral review and her former attorney failed to advise her that a guilty plea would automatically subject her to deportation.

We review the denial of *coram nobis* relief for an abuse of discretion. *United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures,

2

or relies on findings of fact that are clearly erroneous. *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009). Nonetheless, issues that are not plainly and prominently raised on appeal are deemed abandoned and will not be considered. *United States v. Jerigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). This includes issues that are simply referenced in passing without substantive argument as to their merits. *Id.*

A writ of error *coram nobis* is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). The bar for *coram nobis* relief is high, and the writ may issue only where (1) "there is and was no other available avenue for relief," and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). Furthermore, a district court may consider a *coram nobis* petition only where "the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204.

A petitioner asserting a claim of ineffective assistance of counsel must show both that (1) counsel's performance was deficient and (2) the deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687

3

(1984). Before the Supreme Court issued its 2010 decision in *Padilla*, most courts, including this one, held that counsel was under no constitutional obligation to advise a client of the possible deportation consequences of pleading guilty. *See, e.g.*, *Padilla*, 559 U.S. at ___, 130 S.Ct. at 1481 n.9 (collecting cases); *see also United States v. Campbell*, 778 F.2d 764, 768-69 (11th Cir. 1985). In *Padilla*, the Supreme Court rejected this view, holding that an attorney renders deficient performance by failing to advise a non-citizen client that a guilty plea "carries a risk of deportation." 559 U.S. at ___, 130 S.Ct. at 1486. The Supreme Court did not, however, alter or address the prejudice requirement for obtaining relief, which continues to demand a showing that there was a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. *See id.* at ___, 130 S.Ct. at 1478, 1483-84; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Circuits are split as to whether *Padilla* should be given retroactive effect to convictions that became final prior to its issuance, pursuant to the principles set forth in *Teague v. Lane*, 489 U.S. 288 (1984). *See, e.g.*, *Chaidez v. United States*, 655 F.3d 684, 686 (7th Cir. 2011) (*Padilla* does not apply retroactively to cases on collateral review); *United States v. Orocio*, 645 F.3d 630, 641 (3d Cir. 2011) (*Padilla* does apply retroactively). And although this circuit has not addressed the

issue, we need not do so here.

In this case, the district court assumed that *Padilla* was retroactively applicable but found that Louis failed to satisfy the prejudice prong of *Strickland*. Louis fails to challenge this finding in her brief and thus has abandoned it.[1]

Accordingly, Louis has not shown that the district court abused its discretion in denying her petition, and we affirm the district court's denial of her petition for a writ of error *coram nobis*.

**AFFIRMED.**

---

[1] She has also abandoned any challenge to the district court's alternate findings, each of which standing alone would be a sufficient basis to deny relief.