**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Monica Joyce CAMPBELL,**
**Defendant-Appellant.**

**No. 85–5181.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 23, 1985.

---

Jeffrey Samek, Samek & Besser, Lawrence Besser, Miami, Fla., for defendant-appellant.

Linnea Johnson, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before VANCE and HATCHETT, Circuit Judges, and ATKINS *, District Judge.

HATCHETT, Circuit Judge:

In this appeal, the appellant, Monica Joyce Campbell, urges us to impose upon district courts accepting guilty pleas from alien drug offenders the duty to advise such offenders that a consequence of pleading guilty is deportation. The district court refused to set aside a guilty plea because the defendant was not advised of the deportation consequence. We affirm.

## FACTS

On November 5, 1981, the government charged Campbell, a Jamaican National and permanent resident of the United States, in a two-count indictment with im-

---

* Honorable Clyde C. Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

portation and possession of marijuana. On December 29, 1981, pursuant to a plea bargain agreement, Campbell pleaded guilty to the possession count, and the government dismissed the importation count. On February 25, 1982, the district court sentenced Campbell to two years probation.

The government subsequently instituted deportation proceedings against Campbell upon the sole ground that she had pleaded guilty to the drug charge.[1]

On November 7, 1984, pursuant to 28 U.S.C.A. § 2255 (West 1971), Campbell moved the district court to vacate, set aside, or withdraw her guilty plea on the ground that she was not aware of the deportation consequences of the plea; therefore, the plea was not knowingly and voluntarily entered.[2] The district court denied her motion without a hearing. This appeal followed.

### ISSUES AND CONTENTIONS OF THE PARTIES

Campbell urges three separate grounds for the withdrawal of her guilty plea. First, she contends that under Fed.R. Crim.P. 11, her trial counsel was under an affirmative duty to advise her of the deportation consequences of the guilty plea. Second, Campbell alleges that to permit her to withdraw her guilty plea under Fed.R. Crim.P. 32(d), would serve to correct a manifest injustice. Third, Campbell maintains that her trial counsel's failure to advise her of the deportation consequences of the guilty plea constitutes ineffective assistance of counsel.

The government counters that deportation is a collateral consequence and therefore need not be disclosed pursuant to rule 11; that Campbell has failed to meet the three-pronged test for withdrawal of guilty pleas under rule 32(d); and that Campbell's trial counsel made no affirmative misrepresentations to Campbell.

### DISCUSSION

Campbell's trial counsel concedes in an affidavit submitted in support of Campbell's section 2255 motion that he did not advise Campbell of the deportation consequence of the guilty plea because he was not aware of that consequence. It is also clear that the district court did not advise Campbell of the deportation consequence. *See United States v. Downs-Morgan*, 765 F.2d 1534, 1537–38 (11th Cir.1985) (rule 11 does not require district judges to advise defendants of possible immigration consequences of guilty plea).

Campbell maintains that she was not aware that she might be deported if she pleaded guilty to the drug charges. As the wife of a United States citizen and the mother of three minor children who are also United States citizens, had she been advised of the deportation consequences, she would not have entered the plea of guilty.

### I. Federal Rule of Criminal Procedure 11

Rule 11 imposes upon a district court the obligation to conduct a searching inquiry into the voluntariness of a defendant's plea of guilty and to ensure that a factual basis for the plea exists. *Downs-Morgan*, 765 F.2d at 1537–38.[3] Campbell

---

**1.** Pursuant to 8 U.S.C.A. § 1251(a)(11) (West 1970 & Supp.1985), any alien convicted of drug violations "shall, upon the order of the Attorney General, be deported."

**2.** Section 2255 provides, in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or is otherwise subject to collateral attack, may move the court which imposed the sen-

tence to vacate, set aside or correct the sentence.

A motion for such relief may be filed at any time.

**3.** Rule 11 provides, in pertinent part:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the

does not dispute that the district court fully complied with the requirements of rule 11. Rather, she urges us to impose upon trial counsel an obligation, under rule 11, to advise alien defendants of the potential deportation consequences of a guilty plea. We have found no authority to support this proposition, and Campbell has cited none. Finding this proposition untenable, we deny Campbell relief under this theory.

At the outset, we note that as it relates to ensuring the voluntariness of a defendant's plea, rule 11 is directed only to the obligations of the district court. *Downs-Morgan*, 765 F.2d at 1537–38. It does not address the responsibilities of the defendant's counsel. Furthermore, deportation is a collateral consequence of a guilty plea and, therefore, under rule 11, "need not be explained to the defendant in order to ensure that the plea is voluntary." *United States v. Russell*, 686 F.2d 35, 38 (D.C.Cir.1982) (footnote omitted).

## II. Federal Rule of Criminal Procedure 32(d)

While rule 11 governs the validity of a plea of guilty, rule 32(d) provides that a plea which is "valid when made may nevertheless be withdrawn if the interest of justice so require." *Russell*, 686 F.2d at 39.[4]

Defects remedied under rule 32(d) need not be of constitutional magnitude. *United States v. Lake*, 709 F.2d 43, 45 (11th Cir.1983). Under the test enunciated

in *Russell*, three considerations guide our discussion. "The first is the strength of the defendant's reason for withdrawing the plea, including whether the defendant asserts [her] innocence of the charge." *Russell*, 686 F.2d at 39. Neither the district court nor Campbell's trial counsel were required to advise Campbell of the deportation consequences of the plea. Furthermore, like the defendant in *United States v. Gavilan*, 761 F.2d 226 (5th Cir.1985), Campbell has not asserted that she is innocent of the drug charges. *Cf. Russell*, 686 F.2d 35 (D.C.Cir.1982) (defendant's plea of guilty tendered under the doctrine of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), which permits the acceptance of guilty pleas even where the defendant maintains his innocence). Thus, we find that this factor weighs against permitting withdrawal of the plea.

The second factor which we must consider is the possible prejudice which might result to the government's case if Campbell is permitted to withdraw her guilty plea and proceed to trial. *Russell*, 686 F.2d at 39. The offense with which Campbell is charged occurred over four years ago, on October 29, 1981. Campbell entered a plea of guilty on December 29, 1981, and was sentenced to two years probation on February 25, 1982. Campbell's section 2255 motion was not filed until November 7, 1984. Thus, the motion was filed over eight months *after* she had completed her proba-

maximum possible penalty provided by law, including the effect of any special parole term; ....

....
(d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.

....
(f) Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of

guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.
Fed.R.Crim.P. 11 (West 1975 & Supp.1985).

4. Rule 32(d) provides:
(d) Plea Withdrawal. If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is had under 18 U.S.C. § 4205(c), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.
Fed.R.Crim.P. 32(d) (West 1985).

tion; this despite the fact that she concedes "[i]t was shortly after pleading guilty when the government began proceedings to deport her to Jamaica."

Thus, by Campbell's own admissions, she waited almost three years after the deportation proceedings had begun before bringing this action. While the government does not allege that Campbell's untimely request has prejudiced its case against her, we find difficulty in countenancing such a lengthy delay; therefore, we deem this factor to militate against permitting withdrawal of the plea.

Finally, we must consider whether Campbell's professed ignorance of the deportation consequences of the plea resulted from any affirmative misrepresentations of the government. *Russell,* 686 F.2d at 39. Campbell has failed to allege that the government misled her. Therefore, this factor does not weigh in favor of permitting withdrawal of the plea.

In light of the foregoing, Campbell has failed to demonstrate that the district court abused its discretion in denying her motion to withdraw her guilty plea. *Lake,* 709 F.2d at 45. "[A] defendant's misunderstanding about the prospect of deportation, without more, has been repeatedly viewed as insufficient to render a guilty plea involuntary." *Gavilan,* 761 F.2d at 228 (footnote omitted); *Russell,* 686 F.2d at 39; *United States v. Santelises,* 509 F.2d 703, 704 (2d Cir.1975) (citing *Michel v. United States,* 507 F.2d 461 (2d Cir.1974)).

### III. Ineffective Assistance of Counsel

■ In order to prevail on the ineffective assistance of counsel claim, Campbell must demonstrate (1) that her trial counsel's conduct was unreasonable, and (2) that but for her trial counsel's failure to apprise her of the deportation consequences of the guilty plea, the result of the plea proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see Downs-Morgan,* 765 F.2d at 1538–42; *Gavilan,* 761 F.2d at

228–29. Campbell alleges that she would not have pleaded guilty if her trial counsel had advised her of the deportation consequences of the plea.[5] This bare allegation is not sufficient, however, to establish prejudice under *Strickland.*

■ Campbell relies upon state precedent, particularly *Edwards v. State,* 393 So.2d 597 (Fla. 3d DCA 1981), in urging us to find her trial counsel constitutionally ineffective for failing to advise her of the deportation consequences of the guilty plea. We decline Campbell's invitation to adopt the *Edwards* holding that deportation is one of those consequences of a guilty plea about which counsel must advise a defendant, despite the fact that it is merely a collateral consequence.

> [C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecutor's offer and going to trial.

*Wofford v. Wainwright,* 748 F.2d 1505, 1508 (11th Cir.1984) (cite omitted).

The interest at stake here is that of the defendant in obtaining "a general knowledge of the possible legal consequences of facing trial." *Wofford,* 748 F.2d at 1508. As the dissent in *Edwards* points out, actual knowledge of the collateral consequences of a guilty plea is not a prerequisite to the entry of a knowing and intelligent plea. Therefore, a defendant's lack of knowledge of those collateral consequences cannot affect the voluntariness of the plea. *Edwards,* 393 So.2d at 601 (Hubbart, J., dissenting). Accordingly, counsel's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance.

Counsel's affirmative misrepresentation in response to a specific inquiry from the

---

**5.** Campbell initially stood mute during the plea colloquy and, accordingly, the district court accepted her plea as that of not guilty.

defendant may, however, under certain circumstances, constitute ineffective assistance of counsel. *Downs-Morgan,* 765 F.2d at 1540–41; *Santelises,* 509 F.2d at 704. Campbell has failed to allege that her trial counsel made any such misrepresentation. We hold, therefore, that Campbell has failed to demonstrate that she was prejudiced by her trial counsel's failure to advise her of the deportation consequences of the guilty plea.

Deportation is admittedly a harsh consequence of a guilty plea, but so are many other collateral consequences. *See Russell,* 686 F.2d at 38, n. 3, and cases cited therein. While we sympathize with Campbell's plight, we do not find deportation so unique as to warrant an exception to the general rule that a defendant need not be advised of the deportation consequences of a guilty plea.[6] The states are free to impose higher standards than those required under the federal Constitution and statutes. It is highly desirable that both state and federal counsel develop the practice of advising defendants of the collateral consequences of pleading guilty; what is desirable is not the issue before us.

AFFIRMED.

---

6. The government suggests that Campbell seek relief under 8 U.S.C.A. § 1254(a)(2) (West 1970 & Supp.1985), and petition the Attorney General to "suspend deportation and adjust [her] status to that of an alien lawfully admitted for permanent residence ...."