924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Olufunso O. OGUNBASE, M.D., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-1781.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1991.
 
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Olufunso O. Ogunbase, M.D., a federal probationer who is represented by counsel, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ogunbase, a Nigerian national, pleaded guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He was sentenced to six months in a community treatment center, five years probation, a $60,000 fine and imposition of a $50.00 special assessment. Shortly after Ogunbase completed his sentence, the Immigration and Naturalization Service instituted deportation proceedings against him pursuant to 8 U.S.C. Sec. 1251(a)(11). Thereafter, Ogunbase filed the instant motion alleging: 1) his plea was involuntary because he was not advised about the collateral consequence of deportation, and 2) he received ineffective assistance of counsel because counsel did not advise him that he could be deported. The district court denied the motion, finding that the court's failure to advise Ogunbase that he could be deported did not invalidate his guilty plea and that Ogunbase did not state a valid claim for constitutionally ineffective counsel.
 
 
 3
 On appeal, Ogunbase reasserts his claims, and additionally argues that his plea was involuntary because he was not advised that he could lose his medical license by pleading guilty. Ogunbase also argues that the plea was defective because the government never specified the date of the actual occurrence of the crime. Both parties have filed miscellaneous motions on appeal requesting various forms of relief.
 
 
 4
 Upon review, we shall affirm the district court's judgment. An examination of the record indicates that Ogunbase's plea was voluntary. Deportation is a collateral consequence of a guilty plea and therefore need not be explained to defendant in order to insure that the plea is voluntary. See United States v. Campbell, 778 F.2d 764, 767 (11th Cir.1985); United States v. Russell, 686 F.2d 35, 41 (D.C.Cir.1982). Moreover, counsel's failure to inform a client of immigration consequences which may result from a guilty plea does not constitute deficient performance. See United States v. Del Rosario, 902 F.2d 55, 59 (D.C.Cir.), cert. denied, 111 S.Ct. 352 (1990); United States v. George, 869 F.2d 333, 338 (7th Cir.1989).
 
 
 5
 Finally, Ogunbase argues on appeal that his plea was defective because he was not advised he could lose his medical license, and because no actual date of the crime was established in the indictment. We do not consider these claims because they were not first presented to the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 6
 Accordingly, all outstanding motions are denied as moot, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.