[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 24, 2008
THOMAS K. KAHN
CLERK

No. 06-14023
Non-Argument Calendar

_____

D. C. Docket Nos.
04-21090-CV-PAS & 01-00653 CR-PAS

ANTHONY BERNARD ETHERIDGE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 24, 2008)**

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

On July 13, 2001, Southern District of Florida grand jury returned a two-count indictment against petitioner, Anthony Bernard Etheridge, and Isaiah Byrnes, charging them in Count I with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and in Count II with possession of 500 or more grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a). Plea negotiations failed, the Government filed Notice of Sentencing Enhancement under 21 U.S.C. § 851, and petitioner proceeded to trial. The jury found him guilty, and the district court sentenced him to prison sentences totaling 240 months. He appealed his convictions, claiming as a ground for reversal that his attorney rendered constitutionally ineffective assistance of counsel. We affirmed his convictions without reaching the ineffective assistance issue. United States v. Etheridge, 65 Fed. Appx. 714 (11th Cir. 2003)(table).

On May 10, 2004, petitioner moved the district court to vacate his convictions on the ineffective assistance ground he had raised on direct appeal. He contended that he received ineffective assistance of counsel because his attorney, although operating under a mistaken belief, advised him that there was an offer of 120-months' incarceration available to him as long as he did not take his case to trial. He says that this affirmative misrepresentation, together with the fact that the outcome of his case would have been different absent the misrepresentation,

2

amounted to ineffective assistance of counsel. Following extensive evidentiary hearings before a magistrate judge and ultimately the district court, the district court found that no agreement had existed between defense counsel and the prosecutor initially assigned to the case – to the effect that the Government's offer to accept a plea of guilty and recommend sentences totaling 120 months would be available up to the day of trial – and that counsel was not ineffective for failing to memorialize his understanding of such agreement in writing. The court therefore denied petitioner's motion on the ground that petitioner failed to satisfy Strickland's first prong, ineffective performance of counsel. We issued a certificate of appealability, thusly:

> Whether trial counsel was ineffective for advising [petitioner] that the government's 12-month plea offer would continue to be available until trial.

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; Strickland v. Washington, 466 U.S. 668, 684-86, 104 S.Ct. 2052, 2063 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064-65. The court

3

need not "address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697, 104 S.Ct. at 2069.

There is a "strong presumption in favor of competence, and the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Chandler v. United States, 218 F.3d 1305, 1314-15 (11th Cir. 2000). When the trial counsel is experienced, the presumption of competence is even higher. Id. Our review of counsel's performance should focus on "not what is possible or what is prudent or appropriate, but only [on] what is constitutionally compelled." Chandler, 218 F.3d at 1313 (quoting Burger v. Kemp, 483 U.S. 776, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638 (1987)). Our review must be highly deferential, and we must avoid second-guessing. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.

An attorney's "affirmative misrepresentation in response to a specific inquiry from the defendant may, however, under certain circumstances, constitute ineffective assistance of counsel." United States v. Campbell, 778 F.2d 764, 768-69 (11th Cir.1985). An attorney has a duty to advise a defendant, who is considering a guilty plea, of the available options and possible sentencing consequences. Brady v. United States, 397 U.S. 742, 756, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); see also Beckham v. Wainwright, 639 F.2d 262, 267 (11th Cir.1981) (holding counsel's misrepresentation that the defendant could only be

4

sentenced to five years incarceration on withdrawal of his guilty plea fell "outside of the range of competence of attorneys in criminal cases") (internal quotations omitted); Finch v. Vaughn, 67 F.3d 909, 915-16 (11th Cir.1995) (holding counsel's misrepresentation that the defendant's state sentence would be served concurrently with his federal sentence constituted erroneous advice and ineffective assistance of counsel).

Here, although the district court did not clearly err in its factual finding that no binding agreement existed between the Government and defense counsel to the effect that the offer of 120- months' confinement (if petitioner pled guilty) would be kept open until trial commenced, the court erred in concluding that the evidence failed to establish a prima facie case as to Strickland's first prong, that counsel's performance was constitutionally deficient. The evidence showed that defense counsel continued to affirmatively mislead petitioner into believing that the 120-months' offer was "on the table" and that the offer would remain open unless he went to trial. In short, petitioner carried his burden of showing that counsel's performance was deficient. Brady, 397 U.S. 756, 90 S.Ct. 1463.

The district court did not address Strickland's second prong, prejudice. We therefore vacate its judgment and remand the case, with the instruction that the court consider the prejudice issue. We of course intimate no view as to the

5

appropriate disposition of that issue.

VACATED and REMANDED.