[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14800
Non-Argument Calendar

_____

D.C. Docket No. 1:84-cr-00758-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFREDO JULIAN HASSUN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 11, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Alfredo Julian Hassun, a Cuban national and former federal prisoner, appeals the district court's order denying his motion for a writ of error *coram nobis*. Relying on *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), Hassun alleged ineffective assistance of counsel based on his trial attorney's failure to advise him of the deportation consequences of pleading guilty to a cocaine possession offense in 1985. After review, we affirm the district court's denial of Hassun's motion.[1]

A writ of error *coram nobis* is "available to vacate a conviction when the petitioner has served his sentence and is no longer in custody." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). The writ constitutes "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). A petitioner asserting a claim of ineffective assistance of counsel must show both that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984).

Before the Supreme Court issued its 2010 decision in *Padilla*, most courts held counsel was under no constitutional obligation to advise a client of the possible deportation consequences of pleading guilty. *See Padilla*, 130 S. Ct. at

---

[1] We review the denial of *coram nobis* relief for an abuse of discretion. *United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002).

1481 n.9 (collecting cases).  Our circuit adhered to this view.  *See United States v. Campbell*, 778 F.2d 764, 768-69 (11th Cir. 1985) (holding that counsel is not ineffective for failing to advise a defendant of the deportation consequences of a guilty plea).  In *Padilla*, the Supreme Court rejected this view, holding that an attorney renders deficient performance by failing to advise a non-citizen client that a guilty plea "carries a risk of deportation."  130 S. Ct. at 1486.

Regardless of whether *Padilla* applies retroactively, Hassun cannot succeed on his underlying ineffective assistance of counsel claim. There is no indication counsel's performance was deficient when viewed in light of the professional standards in place in 1985.  *See Strickland*, 104 S. Ct. at 2066 (noting a court "must judge the reasonableness of counsel's challenged conduct . . . viewed as of the time of counsel's conduct").  Although Hassun argues his plea was entered eight months before our decision in *Campbell*, the district court did not deny his motion on the ground that *Campbell* had been decided at the time of Hassun's plea.  Rather, the district court found Hassun's plea was "essentially contemporaneous[]" with *Campbell*, and that the professional norms present in the mid-1990s, relied upon by the Supreme Court in *Padilla*, were not in place in 1985.  Those findings are not clearly erroneous, and thus, the district court did not

3

abuse its discretion in making them. *See Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).

Furthermore, even if Hassun were able to show counsel's 1985 performance was deficient, he has failed to meet the prejudice prong of *Strickland*. Hassun's affidavit states only that, had he been informed of the consequences of his plea, he would not have pled guilty. *Padilla* requires a petitioner to show that a decision to reject the plea bargain "would have been rational under the circumstances," a showing Hassun has not provided. *See Padilla*, 130 S. Ct. at 1485.

**AFFIRMED.**

4