ACCEPTED
13-14-00501-cr
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/15/2015 12:52:02 PM
DORIAN RAMIREZ
CLERK

13-14-00501-CR

NO. 2014-DHC-2879

IN THE THIRTEENTH COURT OF APPEALS

CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/15/2015 12:52:02 PM
DORIAN E. RAMIREZ
Clerk

SAMUEL OSVALDO GARCIA,

*Appellant,*

V.

THE STATE OF TEXAS,

*Appellee,*

BRIEF OF APPELLANT

On appeal from the 357th Judicial District Court of Cameron County, Texas

Honorable Oscar X. Garcia, Judge Presiding

Rafael de la Garza III, Esq.
Texas Bar No. 24076343
De la Garza & Ramirez
4943 South Jackson Rd.
Edinburg, Texas 78539
Phone: (956) 533-1426
Facsimile: (956) 284-0518

**ORAL ARGUMENT REQUESTED**

1

## IDENTITY OF PARTIES & COUNSEL

| | |
|---|---|
| Appellant: | Samuel Osvaldo Garcia |
| Appellee: | The State of Texas |
| Trial counsel for Appellant: | Rafael de la Garza<br>Texas Bar No. 24076343<br>4943 South Jackson Road<br>Edinburgh, Texas 78539 |
| Appellant counsel for Appellant: | Rafael de la Garza<br>Texas Bar No. 24076343<br>Ricardo Ramirez<br>Texas Bar No. 24079177<br>4943 South Jackson Road<br>Edinburg, Texas 78539 |
| Counsel for Appellee: | Honorable Luis Saenz<br>Assistant District Attorney<br>964 East Harrison Street<br>Brownsville, Texas 78520 |

**TABLE OF CONTENTS**

|                                              | Page   |
|----------------------------------------------|--------|
| Identity of Parties & Counsel                | 2      |
| Table of Contents                            | 3      |
| Index of Authorities                         | 4-5    |
| Statement of the Case                        | 5      |
| Issues Presented                             | 5      |
| Statement of Facts                           | 6-8    |
| Summary of Argument                          | 8-9    |
| Standard of Review                           | 9      |
| Arguments & Authorities                      | 10-20  |
| Prayer for Relief                            | 20     |
| Certificate of Service                       | 21     |
| Certificate of Compliance                    | 21     |
| Appendix                                     | 22     |

A.    Final Order, Executed on September 5, 2014

B.    Affidavit of Samuel Oswaldo Garcia

C.    Affidavit of Attorney Daniel Sanchez

# INDEX OF AUTHORITIES

**Page**

**United States Constitution**

Sixth Amendment                                                11, 13, 14

**Statutes**

Texas Health and Safety Code Section 481.112                   6

8 USC Section 1101(a)(43)                                       12

8 USC Section 1101(a)(43)(B)                                    12-13

8 USC Section 1229b                                             12

**Cases**

*Chaidez v. United States,* 130 S.Ct. 1103 (2013)              10, 11, 19

*Hill v. Lockhart,* 106 S.Ct. 366 (1985)                       16

*Johnson v. State,* 169 S.W.3d 223                             16-17

*Kniatt v. State*, 206 S.W.3d 657, (Tex. Crim. App. 2006).     9

*Lyles v. State*, 850 S.W.2d 497, (Tex. Crim. App. 1993).      9

*London v. Plasencia,* 459 U.S. 21                             18

*McMann v. Richardson,* 397 U.S. 759                           15

*Montgomery v. State*, 810 S.W.2d 372, (Tex. Crim. App. 1990). 9

*Padilla v. Kentucky*, 559 US 356 (2010)                       10, 11, 13

*United States v. Campbell,* 778 F.2d 764                      10

*United States v. Kwan,* 407 F.3d 1005                         10, 15

4

*United States v. Wade*, 88 U.S. 218, 227-28                    14-15

*Strickland v. Washington,* 466 U.S. 668 (1984).                14, 15, 16,

18, 19

## STATEMENT OF THE CASE

This case concerns Appellant's "Application for Post-Conviction Writ of Habeas Corpus Seeking Relief in Accordance with Article 11.072 of the Code of Criminal Procedure," which was filed in the 357th Judicial District Court, Cameron County, Texas, on May 8, 2014. *See Index Pg. 40-48.* Appellant filed same seeking to vacate a criminal conviction. *Id.* The State of Texas filed a response to Appellant's application on June 5, 2014. *See Index Pg. 49-60.* Then, on August 4, 2014, the district court denied Appellant's application and this appeal followed. *See Index Pg. 66.*

## ISSUES PRESENTED

**Issue 1:** Whether Mr. Garcia can proceed on an ineffective assistance claim pursuant to the Sixth Amendment of the United States Constitution, on the ground that he was affirmatively misadvised of the immigration consequences of his plea, notwithstanding the ruling rendered in *Padilla v. Kentucky*, 130 S. Ct. 1473 (U.S. 2010).

**Issue 2:** Whether the trial court abused its discretion in denying Mr. Garcia's habeas petition on the bases that former counsel's affirmative misadvise regarding immigration consequences, constitutes ineffective assistance of counsel, in violation of the Sixth Amendment of the United States Constitution, which would require vacature of the underlying conviction.

5

**STATEMENT OF FACTS**

Samuel Osvaldo Garcia (hereinafter, "Mr. Garcia") is a forty five (45) year old Guatemalan citizen who obtained status as a Lawful Permanent Resident ("LPR") of the United States in 1987. *See Appendix B – Affidavit of Samuel Oswaldo Garcia.* He has been residing in the United States since he was ten (10) years old. *Id.*

On August 23, 2002, Mr. Garcia was arrested for "Possession of a Controlled Substance with Intent to Deliver," in violation of Texas Health and Safety Code Section 481.112. *See Index Pg. 9.* He was indicted on September 11, 2002 and counsel was appointed to represent him. *See Index Pg. 12.* Former counsel met with Mr. Garcia and advised him that the state was offering probation. *See Appendix B – Affidavit of Samuel Oswaldo Garcia.* Mr. Garcia inquired regarding the immigration consequences of his plea as follows:

> *"I asked my attorney if I would be deported if I pled guilty to the charge and got probation. He said that I would probably be okay. He said that the charge would probably not result in deportation."*

Mr. Garcia relied on his counsel's advice and entered a plea of guilty to the charge on January 29, 2003, in cause number 02CR 1042. *Id.* Mr. Garcia was sentenced to ten (10) years confinement in the Texas Department of Criminal Justice, which term was suspended in lieu of placement on community supervision for ten (10) years. *See Index Pg. 17.*

Immigration and Customs Enforcement (ICE) picked up Mr. Garcia soon thereafter and presented him before an immigration judge. *See Appendix B – Affidavit of Samuel Oswaldo Garcia.* The immigration judge rescinded Mr. Garcia's LPR status and deported him as a result of his conviction for "Possession of a Controlled Substance with Intent to Deliver." *Id.* If Mr. Garcia had known that he was going to be deported as a result of his plea of guilty, he would have pled not guilty and fought his case. *Id.*

On May 8, 2014, Mr. Garcia filed his Petition for Writ of Habeas Corpus in the Trial Court. *See Index Pg. 40-48.* Mr. Garcia submitted his affidavit as well as the affidavit of former counsel Daniel Sanchez, in support of his Petition. *See Appendix B – Affidavit of Samuel Oswaldo Garcia and Appendix C – Affidavit of Attorney Daniel Sanchez.* Mr. Garcia's affidavit explains he asked Mr. Sanchez about losing his LPR status and Mr. Sanchez stated "he would probably be okay, and the charge would probably not result in deportation." *See Appendix B – Affidavit of Samuel Oswaldo Garcia.* Mr. Garcia also states he would not have waived his right to a trial if he had been apprised of the certain loss of his LPR status upon conviction. *Id.* Mr. Sanchez's affidavit is also in the record. *Appendix C – Affidavit of Attorney Daniel Sanchez.* Mr. Sanchez's affidavit states his advice was consistent with the admonishments at Article 26.10 of the Texas Code of Criminal Procedure,

and that he does not remember any other substantive conversation in the moments before he accompanied Mr. Garcia in the courtroom. *Id.*

On June 5, 2014, the State of Texas filed its' opposition to Mr. Garcia's Petition for Writ of Habeas Corpus. *See Index Pg. 49-60.* In its' opposition, the State of Texas urged the Trial Court that Attorney Sanchez's representation was not deficient. *Id.*

Then, on August 4, 2014, the Presiding Judge of the 357th Judicial District Court denied the Application for Post-Conviction Relief. *See Index Pg. 60 and Appendix A.* However, the Presiding Judge failed to specify the bases for the denial. *Id.* Mr. Garcia filed his Notice of Appeal on August 15, 2014. *See Index Pg. 66.*

## SUMMARY OF ARGUMENT

Mr. Garcia has been an LPR since 1987 and has been residing in the United States since he was a child. *See Appendix B – Affidavit of Samuel Oswaldo Garcia.* He was arrested for "Possession of a Controlled Substance with Intent to Deliver" in 2003. *Id.* Mr. Garcia's former counsel advised him to enter a plea of guilty. *Id.* Former counsel also advised Mr. Garcia that his plea of guilty would *not* result in his deportation. *Id.* Former counsel's advice regarding the immigration consequences of the plea constituted affirmative misadvise since the conviction immediately rendered Mr. Garcia an aggravated felon subject to deportation from the United States. *Id.* Former counsel did not have a duty to advise Mr. Garcia of

8

the fact that his plea would result in deportation. Nonetheless, former counsel was obligated to <u>not affirmatively misadvise and / or actively mislead</u> Mr. Garcia on any matter, however related to criminal prosecution, including immigration consequences. Former counsel's affirmative misadvise constitutes ineffective assistance of counsel, pursuant to the Sixth Amendment of the United States Constitution.

As such, the Trial Court abused its discretion in denying Mr. Garcia's habeas petition and Mr. Garcia hereby respectfully requests that this Court reverse the district court's final order and remand this case for further proceedings.

## **STANDARD OF REVIEW**

The applicant for a writ of habeas corpus based on an involuntary guilty plea has the burden of proving his allegations by a preponderance of the evidence. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The Texas Court of Criminal Appeals will uphold the decision of the Trial Court absent an abuse of discretion. The Trial Court abuses its discretion when the court acts without reference to any guiding rules or principles, or arbitrarily or unreasonably, or when its' decision lies outside of the zone of reasonable disagreement. *See Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993), *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

**I. Mr. Garcia Can Proceed With His Claim of Ineffective Assistance of Counsel Pursuant to *Chaidez* Since He Was Affirmatively Misadvised Concerning The Immigration Consequences of His Guilty Plea.**

### a. Current Law Regarding Affirmative Misadvise

In 2010, *Padilla v. Kentucky,* 130 S. Ct. 1473 (U.S. 2010), held that trial counsel must inform their clients of the possible immigration consequences of pleading guilty. Then, in 2013 the case of *Chaidez v. United States,* 133 S. Ct. 1103 (2013), held that "…defendants whose final convictions became final prior to *Padilla*…cannot benefit from the holding of *Padilla." Id.* at 1113.

However, *Chaidez* made clear that individuals like Mr. Garcia can bring ineffective assistance claims on the bases of affirmative misadvise:

> "…true enough, three federal circuits (and a handful of state courts) held before *Padilla* that misstatement about deportation could support an ineffective assistance claim. But those decisions reasoned only that a lawyer may not affirmatively misrepresent his expertise or otherwise actively mislead his client on any important matter, however related to a criminal prosecution. *See, e.g., United States v. Kwan*, 407 F.3d 1005, 1015-1017 (C.A.9 2005). They co-existed happily with precedent, from the same jurisdictions (and almost all others), holding that deportation is not "so unique as to warrant an exception to the general rule that a defendant need not be advised of the collateral consequences of a guilty plea." *See United States v. Campbell*, 778 F.2d 764, 769 (C.A.11 1985). So at most, *Chaidez* has shown that a minority of courts recognized a separate rule for material representations, regardless whether they concerned deportation or another collateral matter. *See Chaidez* at 13.

As such, *Chaidez* left open the possibility of ineffective assistance claims based on affirmative misadvise of former counsel. *Chaidez* established that claims based on misstatements about deportation are sufficient to support a claim for ineffective assistance of counsel under the Sixth Amendment of the United States Constitution.

In this case, Mr. Garcia's conviction became final in 2003, before the *Padilla* holding was handed down in 2010. *See Appendix B – Affidavit of Samuel Oswaldo Garcia.* As such, *Padilla* is not applicable and former counsel did not have a duty to advise Mr. Garcia of the immigration consequences of pleading guilty. However, *Chaidez* clearly provides that a claim of ineffective assistance of counsel may be alleged when a defendant is affirmatively misadvised concerning immigration consequences.

**b. Because the Relevant Immigration Statutes Clearly Provide For Automatic Deportation Upon Conviction For An Offense that Involves Drug Trafficking, Former Counsel's Statements to Mr. Garcia Constitute Affirmative Misadvise.**

The evidence in the record establishes that Mr. Garcia inquired regarding the immigration consequences of his plea and former counsel advised as follows:

> *"I asked my attorney if I would be deported if I pled guilty to the charge and got probation. He said that I would probably be okay. He said that the charge would probably not result in deportation."*

*See Appendix B – Affidavit of Samuel Oswaldo Garcia.*

11

Former counsel's statement to Mr. Garcia, indicating that his plea was unlikely to result in deportation, was entirely misleading. This is because the relevant immigration statutes clearly provide that Lawful Permanent Residents (LPR's) with drug convictions, that involve an element of trafficking, are considered aggravated felonies that make LPR's automatically deportable. Because the immigration statutes clearly define Mr. Garcia's underlying conviction as one that constitutes an "aggravated felony," former counsel's statements constitute affirmative misadvise.

LPR's that are seeking relief from deportation may seek a discretionary waiver from the immigration judge. The elements that must be established to obtain relief are as follows:

**Section 240A Cancellation of Removal; Adjustment of Status [8 U.S.C. 1229b]**

(a) **Cancellation of removal for certain permanent residents.**—The Attorney General may cancel removal in the case of an alien who inadmissible or deportable from the United States if the alien--

    (1) Has been an alien lawfully admitted for permanent residence for not less than 5 years,
    (2) Has resided in the United States continuously for 7 years after having been admitted in any status, and
    (3) Has not been convicted of any aggravated felony.

The term "aggravated felony" referred to above is defined under 8 U.S.C. § 1101(a)(43). The statute contains a laundry list of offenses that constitute an aggravated felony. Specifically, 8 U.S.C § 1101(a)(43)(B), provides:

(B)  Illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act), including a drug trafficking crime (as defined in section 924(c) of title 18, United State Code).

The immigration law on this issue is clear and succinct – an LPR that seeks to cancel his deportation and preserve his status is barred from doing so if the LPR has a conviction for an "aggravated felony."  Mr. Garcia was convicted of "Possession with Intent to Deliver."  A review of the above-mentioned sections would have placed Mr. Garcia's former counsel on notice that a plea of guilty would render Mr. Garcia an aggravated felon ineligible for cancellation of removal.

Former counsel's statements to Mr. Garcia that he would "probably be okay" and that the "charge would probably not result in deportation" are misleading and constitute affirmative misadvise since they convinced Mr. Garcia that he would *not* be deported.  They are also misleading and constitute affirmative misadvise because the conviction would make Mr. Garcia an aggravated felon and subject him to automatic deportation.

As such, Mr. Garcia can proceed on an ineffective assistance claim pursuant to the Sixth Amendment of the United States Constitution on the ground that he was affirmatively misadvised regarding the immigration consequences of his plea, notwithstanding the ruling in *Padilla*.

II.    **The Trial Court Abused Its Discretion in Denying Mr. Garcia's Habeas Petition Since The Evidence Established That Former Counsel's Affirmative Misadvise Regarding Immigration Consequences**

**Constitutes Ineffective Assistance of Counsel in Violation of Sixth Amendment of the United States Constitution.**

The record clearly establishes that the Trial Court abused its discretion in denying Mr. Garcia's Habeas Petition. This is because the evidence makes it more likely true than not, that Mr. Garcia's plea was not knowing, intelligent and voluntary, due to former counsel's affirmative misadvise. Specifically, the evidence establishes that Mr. Garcia entered his plea of guilty as a result of former counsel's admonishment that his plea of guilty would *not* result in a deportation. *See Appendix B – Affidavit of Samuel Oswaldo Garcia.*

The affirmative misadvise of former counsel is sufficient to establish that his performance was deficient such that it prejudiced Mr. Garcia in the underlying case, in violation of his Sixth Amendment right to effective assistance of counsel. In light of the evidence, it is clear that the Trial Court abused its discretion when it denied the Habeas Petition.

a. **The Sixth Amendment of the United States recognizes the right to effective assistance of counsel for Mr. Garcia**

The Sixth Amendment to the United States Constitution guarantees effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). The right to counsel guarantees that the defendant will have effective assistance of counsel during all critical stages of the criminal proceeding. *See United States v. Wade,* 388 U.S. 218, 227-28, 87 S.Ct. 1926, 18

14

L.Ed. 2d 1149 (1967). The time at which a defendant is called to enter his plea to a felony is considered a critical stage. *See McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970). In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a Petitioner must demonstrate that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *See Strickland,* 466 U.S. at 688-93.

### (1) Former counsel's performance was <u>deficient</u> because he chose to affirmatively misadvise Mr. Garcia

Defense counsel is obligated not to misadvise or "actively mislead his client on any important matter, however related to a criminal prosecution." *See United States v. Kwan,* 407 F.3d 1005, 1015-1017 (C.A. 9). Former counsel failed to abide by the holding of *Kwan* in that he effectively misled Mr. Garcia regarding the immigration consequences of his guilty plea.

In this case, Mr. Garcia's former counsel affirmatively misadvised him that he would "probably be okay" and that the "charge would probably *not* result in deportation." *See Appendix B – Affidavit of Samuel Oswaldo Garcia.* These statements taken together effectively convinced Mr. Garcia that entering a plea of guilty to "Possession with Intent to Deliver," would not result in his deportation. *Id.* Former counsel affirmatively made these statements. *Id.* If instead former counsel had remained silent or stated he did not know what effect Mr. Garcia's plea would have on his legal status, former counsel's performance would have been acceptable.

15

As mentioned in Section I.b above, an inquiry into the immigration consequences of Mr. Garcia's plea would have determinatively shown that a plea would result in Mr. Garcia being characterized as an "aggravated felon" subject to automatic deportation. Alternatively, former counsel could have told Mr. Garcia that he did not know or would rather not advise regarding the immigration consequences of his plea.

Unbeknownst to former counsel, his decision to affirmatively misadvise Mr. Garcia had a devastating effect on Mr. Garcia's future – one that would only be remedied by revisiting former counsel's deficient performance. *Id.* Therefore, the first prong of *Strickland* is met.

### (2) Former counsel's deficient performance <u>prejudiced</u> Mr. Garcia since the plea resulted in an automatic deportation

In order to satisfy the "prejudice" requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill v.* Lockhart, 106 S.Ct. 366 (1985). To establish prejudice, a petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 694. Further, as stated in *Johnson v. State,* 169 S.W.3d 223, 231 (Tex. Crim. App. 2005), the applicant need not show that he would have received a "more favorable disposition had he gone to trial." The prejudice inquiry in the involuntary guilty plea context is designed to

16

ensure that the defendant would actually have availed himself of the proceeding in question. *Johnson,* 169 S.W.3d at 231-32.

Mr. Garcia pled guilty to "Possession with Intent to Deliver" in 2003 due to his former counsel's affirmative misadvise. *See Appendix B – Affidavit of Samuel Oswaldo Garcia.* As a result of his plea, Mr. Garcia was characterized as an "aggravated felon" subject to automatic deportation. In his affidavit, Mr. Garcia testified regarding what actions he would have taken had his former counsel informed him of the specific consequences of his guilty plea. *Id.* If Mr. Garcia would have known of the immigration consequences of his plea, he would not have pled guilty to the charge of "Possession of a Controlled Substance with Intent to Deliver." *Id.* He would have instead fought the case. *Id.* The clear consequence of exile from this country and separation from one's family are extremely important factors to be considered by any reasonable person, especially for an LPR like Mr. Garcia, who had spent the majority of his life in the United States. *Id.* With his testimony, Mr. Garcia has demonstrated that but for his former counsel's deficient advice regarding the specific and direct immigration consequences of his guilty plea, an issue of vital importance to applicant, he would ***not*** have plead guilty. *Id.*

For a non-citizen, serving time in prison may not be the most important factor to consider when taking a plea. Mr. Garcia was removed (deported) on 2003. He has lost his Lawful Permanent Resident Status; he will be separated from his family

and will be forever barred from returning to the United States. *Id.* Former counsel's misadvise to Mr. Garcia resulted in the violation of many of his fundamental liberty interests. Namely, Mr. Garcia's right to live and work in the United States and to interact with his family within the United States has been violated. *Id.* In *London v. Plasencia*, 459 U.S. 21, 34 (1982), the court wrote: "Plasencia's interest here is, without question, a weighty one. He stands to lose the right to stay and live and work in this land of freedom…further he may lose the right to rejoin immediate family, a right that ranks high among the interest of the individual." *Id*. at 34. Mr. Garcia has clearly been harmed by his former counsel's affirmative misadvise. As such, the second prong of *Strickland* has been met.

> **b. Because Mr. Garcia has demonstrated that former counsel's deficient performance prejudiced him, a claim of ineffective assistance of counsel is warranted pursuant to *Strickland*.**

As mentioned in *Strickland*, a Court deciding an ineffective assistance claim must judge the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *See* 466 U.S. at 690. The defendant must identify the acts and / or omissions that are alleged to not have been the result of reasonable professional judgment. *Id.* The Court must then determine whether the identified acts and / or omissions of counsel were outside the "wide range of professionally competent advice." *Id.*

Mr. Garcia relied on the affirmative misadvise of his former counsel that he would "probably be okay" and that the "charge would probably *not* result in deportation." *See Appendix B – Affidavit of Samuel Oswaldo Garcia.* This in and of itself constitutes a deficient performance by former counsel, since it mislead Mr. Garcia to enter a guilty plea. Former counsel's affirmative misstatements caused Mr. Garcia to be prejudiced in that his guilty plea directly caused his deportation. *Id.* As a result, Mr. Garcia faced significant and direct consequences to his immigration status in the United States. *Id.* Specifically, Mr. Garcia was exiled from this country and will not be able to immigrate to the United States. *Id.*

*Chaidez* makes clear that Mr. Garcia can bring a claim for ineffective assistance of counsel for affirmative misstatements. Further, the evidence clearly demonstrates that former counsel's affirmative misadvise constitutes ineffective assistance of counsel, in violation of the Sixth Amendment of the United States Constitution, as described in *Strickland*. Accordingly, Mr. Garcia respectfully requests that the underlying conviction for "Possession of a Controlled Substance with Intent to Deliver" be vacated.

Mr. Garcia respectfully requests that this Court make a determination that the Trial Court abused its discretion in denying his Habeas petition since the evidence clearly establishes that former counsel's affirmative misadvise regarding the

immigration consequences of his plea constitute ineffective assistance in violation of the Sixth Amendment of the United States Constitution.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Mr. Samuel Osvaldo Garcia prays that this Court reverse the district court's final order and remand this case for further proceedings. Alternatively, Mr. Samuel Osvaldo Garcia prays that this Court remand for further proceedings to allow Mr. Samuel Osvaldo Garcia to testify before the Court and to compel the district court to enter findings of fact and conclusions of law.

Respectfully submitted,


/s/ Rafael de la Garza
Rafael de la Garza, Esq.
Texas Bar No. 24076343


De La Garza & Ramirez
4943 South Jackson Road
Edinburg, Texas, 78539
(956) 533-1426
(956) 284-0518

Attorney for Appellant
Samuel Osvaldo Garcia

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of the above and foregoing, Brief of Appellant, was served on the following counsel on December 31, 2014:

**VIA ELECTRONIC FILING**
Honorable Luis Saenz
Assistant District Attorney
964 East Harrison Street
Brownsville, Texas 78520

/s/ Rafael de la Garza
Rafael De La Garza, Esq.
COUNSEL FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 3,641 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

**VIA ELECTRONIC FILING**
Honorable Luis Saenz
Assistant District Attorney
964 East Harrison Street
Brownsville, Texas 78520

/s/ Rafael de la Garza
Rafael De La Garza, Esq.
COUNSEL FOR APPELLANT

12/31/2014
Date

NO. 2014-DHC-2879

IN THE THIRTEENTH COURT OF APPEALS

CORPUS CHRISTI, TEXAS

SAMUEL OSVALDO GARCIA,

*Appellant,*

V.

THE STATE OF TEXAS

*Appellee,*

APPENDIX TO APPELLANT'S BRIEF

A.  Final Order, Executed on September 5, 2014

B.  Affidavit of Samuel Oswaldo Garcia

C.  Affidavit of Attorney Daniel Sanchez

CAUSE NO. 2002-CR-1042-E

EX PARTE                              §        IN THE DISTRICT COURT
                                      §
                                      §        357TH JUDICIAL DISTRICT
                                      §
SAMUEL OSVALDO GARCIA                 §        CAMERON COUNTY, TEXAS

## ORDER ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS SEEKING RELIEF IN ACCORDANCE WITH ARTICLE 11.072 OF THE CODE OF CRIMINAL PROCEDURE

On this day, came on for consideration, before this Court, the Post-Conviction Writ of

Habeas Corpus Seeking Relief in Accordance with Article 11.072 of the Code of Criminal

Procedure by Samuel Osvaldo Garcia (hereinafter Applicant) on May 8, 2014. After reviewing

said Application, together with the evidence attached thereto, and the Response of the State in

opposition thereto, and all other evidence brought before this Court, the Court is of the opinion

that said Application should be denied.

**THEREFORE**, this Court **DENIES any and all relief** requested in Applicant's

Application.

Signed on the 5th day of September, 2014.

Copies to : DA
x.

FILED 3:05 O'CLOCK P M
AURORA DE LA GARZA, CLERK

SEP 05 2014

DISTRICT COURT OF CAMERON COUNTY, TEXAS
                                        DEPUTY

_____
PRESIDING JUDGE

# AFFIDAVIT OF SAMUEL OSWALDO GARCIA

STATE OF TEXAS                 §

COUNTY OF Willacy          §

SAMUEL OSWALDO GARCIA, appeared in person before me today and stated under oath:

"My name is SAMUEL OSWALDO GARCIA, I am over 18-years-old and I am competent to make this affidavit. The facts in this affidavit are within my personal knowledge and are true and correct.

I was born on September 18, 1969 in Guatemala, Guatemala. I was one of five (5) children born from the union of Samuel Garcia and Marcelina Tobar-Mendez. All of my siblings currently reside in Harlingen, Texas. Their names are as follows:

1. Maria Isabel (age 45), is a receptionist at a home health service agency in Harlingen;
2. Alvaro (age 41), is a bartender at Garcia's Lounge in Harlingen, Texas;
3. Marvin (age 39), is an automobile salesman at Southland Motors in Harlingen, Texas;
4. Freddy Jovani (age 38), is self-employed as an automotive mechanic in Harlingen, Texas; and
5. Selvin (age 37), owns and operates Garcia's Lounge in Harlingen, Texas.

I also have two maternal half-siblings. The first is Jose Antonio, who passed away in 1993. The second was Thelma Elizabeth, who is currently 47 years old. Thelma is a housewife and resides in Harlingen, Texas.

Although my parents were together during the early part of my life, my parents separated on or about 1978. My father went to live in California after he and my mother split up. I continued living in Harlingen, Texas and kept close to my family. Then, on December 29, 1987, I was granted Lawful Permanent Resident Alien status. So, in 1989, I decided to go live with my father in California. I graduated from Bell High School in Bell, California in 1989.

As soon as I graduated high school, I enlisted in the United State Marine Corps, in about 1990. I was stationed in San Diego, California. It was during this time that I began a relationship with my common-law wife, Irma Covarrubias in California. A child by the name of Angie was born as a result of our relationship.

While I was stationed in San Diego, Irma continued living with my father. However, she and my father did not get along. As a result, Irma left my father's home to Zacatecas, Mexico in 1990. I decided to leave the Marine Corps to search for my wife and my child in Mexico. I left California immediately to attempt to find them. Because of this, I was deemed absent without leave (AWOL) and was dishonorably discharged from the Marine Corps.

I decided to come back to Harlingen, Texas when I was twenty two (22) years old, on or about 1991. I worked as an electrician during this time. As a result of some things that happened in a job I did for a customer, I was charged with Forgery.

I was a Legal Permanent Resident during this time. I was appointed a criminal defense attorney to represent me. I ended up entering a plea of guilty and got six (6) years probation. I remember asking my attorney whether my plea would have negative consequences on my immigration status. I remember my attorney telling me it wouldn't. I didn't have any run ins with immigration shortly after I entered my plea, so I imagined my attorney had been correct when he told me that I would not suffer negative immigration consequences because of my plea.

In 1992, I began a relationship with Maribel Ruelas in Harlingen, Texas. Maribel and I had three (3) children together: Roxylee Melissa, age 21 now; Jose Angel, age 19 now, and Samuel Antonio, age 17 now. We were happy for a long time but ended up separating on or about the year 2000. My children and ex-wife currently live in Harlingen, Texas.

As I mentioned, I have been an electrician during the majority of my life. I worked for Borcher's Electric, Jr.'s Electric and Hamilton and Plumbing in San Benito, Texas. That is the way the way I have always earned a living.

In 2002, I developed a friendship with a man that I called, "Cruz" (which I believe was his last name). Because of my skills as an electrician, I developed a close relationship with Cruz. I happened to be hanging out with Cruz at his home on August 23, 2002. On that day, immediately before I was about to leave Cruz's home, Cruz stuck a baggie of drugs on me. As I was about to walk out of the house, the police began banging on the door. The police found the baggie that Cruz had placed on me and arrested me for Possession of a Controlled Substance with Intent to Deliver.

I was appointed an attorney by the Court. His name was Daniel Sanchez. My attorney told me that the state was offering probation. I asked my attorney if I would be deported if I pled guilty to the charge and got probation. He said that I would probably be okay. He said that the charge would probably not result in deportation. As I had done before on my last case, I trusted my attorney. During the hearings I had in Court, I do not remember having ever been told that I would be deported and that my green card would be taken away, if I pled guilty. So, on January 29, 2003, I pled guilty to Possession of a Controlled Substance with Intent to Deliver. I got a total of 10 years probation.

However, ICE soon picked me up and presented me before an Immigration Judge. The Immigration Judge rescinded my green card and indicated that I would be deported. I was extremely surprised and devastated. I was unable to afford an immigration attorney. I was told that I was being deported for the possession case I had pled guilty to in 2003. If I had known that I would be deported because of that plea of guilty, I would have pled not guilty and fought my case.

Everything negative that has happened to me is a result of my plea of guilty from 2003. If I had known the consequences I would be facing by entering my plea of guilty, I would have fought my case and gone to trial to avoid a conviction.

I respectfully request that this Court consider these facts in reopening my criminal cases. I would have made a different decision if I would have known that entering guilty plea was definitely going to result in my deportation. I was always told I'd be "okay."

Thank you for considering this Affidavit in making your decision.

3

I swear under the penalty of perjury that the above is true and correct to the best of my knowledge and belief.

FURTHER THE AFFIANT SAYETH NOT.

_____
SAMUEL OSWALDO GARCIA

SWORN AND SUBSCRIBED to me, the undersigned authority, on this the _1ST_ day of _May_____, 2014.

_____
Notary Public in and for the State of Texas.

My Commission Expires _01/31/2014_



ELIZABETH E. MAZA
MY COMMISSION EXPIRES
January 31, 2015

4

# AFFIDAVIT OF ATTORNEY DANIEL SANCHEZ

| | |
|---|---|
| **STATE OF TEXAS** | § |
| **COUNTY OF CAMERON** | § |

"My name is Daniel A. Sanchez. I am over twenty-one years of age and have never been convicted of a felony or a misdemeanor involving moral turpitude. I have personal knowledge of the statements herein made. I am fully competent to testify to the matters stated herein, and the matters stated herein are true and correct.

I have been a duly licensed attorney in the State of Texas since 1998. I represented Samuel Oswaldo Garcia on a criminal case in Hidalgo County, Texas in 2002. Mr. Garcia had a pending charge for Possession of a Controlled Substance with Intent to Deliver 4 grams or more but less than 200 grams, out of the 357th Judicial District Court, Cameron County, Texas, on or about December 5, 2002.

After having discussed the offense pending against Mr. Garcia, Mr. Garcia made a decision that he would be entering a plea of guilty to the above-mentioned charge. Prior to entering the plea, I discussed all plea paperwork with Mr. Garcia. Specifically, I discussed the document titled, "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury and Plea of Guilty," with Mr. Garcia.

I also explained to Mr. Garcia that if he was not a citizen of the United States of America, his plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this Country, or the denial of naturalization under federal law, or a combination of the any of the aforementioned options.

I do not remember discussing anything else with Mr. Garcia. Mr. Garcia pled guilty to the charged offense thereafter.

I swear under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

FURTHER THE AFFIANT SAYETH NOT.

_____
**DANIEL A. SANCHEZ**

SWORN AND SUBSCRIBED to me, the undersigned authority, on this the 25 day of July, 2014.

KRYSTAL MALLEN
MY COMMISSION EXPIRES
April 13, 2015

_____
Notary Public in and for the State of Texas.

My Commission Expires _____04/13/2015_____

1